## The People on Relation of Henry C. Andrews v. Henry W. Lord and Another.

A Judge of Probate was re-elected, but before the commencement of his new term, died, and an appointment was made by the Governor to fill the vacancy. January 1st (when the new term would commence) the Governor, on the supposition that there was now a new vacancy, made another appointment. It was *held*, that the second appointment was void, and that under the Constitution the person first appointed would hold until a successor was elected and qualified.

*Held further*, that if the second appointment could be treated as an attempt at a *removal* of the first appointee, yet that it was void, as the Governor has no power to remove without cause.

The Governor could not, by any provision in the commission, limit the first appointment, or make its continuance depend upon his pleasure.

The appointment so made ceases when a successor has been elected and qualified in pursuance of the order of the Board of Supervisors. And the act of February 17, 1857 (*Comp. L.* § 491) which provides that when a vacancy in a county office shall have been filled by appointment of the Governor, the appointee shall hold for the unexpired portion of the regular term, can not constitutionally apply to the office of Judge of Probate.

*Heard and Decided May 1st.*

Information in the nature of a quo warranto.

At the general election, held in November, 1860, Oscar F. North, then Judge of Probate for the county of Oakland, was re-elected for the term to commence the first day of January following. November 22, 1860, North died, and four days after, the Governor of the State issued to Jacob Van Valkenburgh, a commission to fill the vacancy thus created, in the following words:

"State of Michigan : MOSES WISNER, Governor in and over the State of Michigan. To all who shall see these presents, greeting: Know ye, that reposing trust and confidence in the integrity and ability of JACOB VAN VALKEN-

BURGH, I have, in the name and by the authority of the People of the State of Michigan, nominated and do appoint him Judge of Probate, for the county of Oakland in said State of Michigan, to fill the vacancy created by the death of Oscar F. North, late Judge of Probate for said county. And I do hereby authorize and empower him to execute and fulfill the duties of that office according to law; to have and to hold the said office, with all the rights, privileges and emoluments thereunto belonging, from the date hereof, unless the Governor of the State, for the time being, should sooner revoke and determine this commission. In testimony whereof," &c.

January 1, 1861, the Governor, acting upon the supposition that the first appointment ceased on the termination of North's first term, and that a vacancy had again occurred in the office, appointed Henry W. Lord to fill the same, and Lord immediately entered upon the duties of the office, claiming to hold the same for the full term for which North was re-elected.

February 27, 1861, the Board of Supervisors of said county passed the following resolution:

"Whereas, under the provisions of the Constitution of this State, there is now a vacancy in the office of Judge of Probate in and for this county, occasioned by the death of Oscar F. North, on or about the 22d day of November, 1860, whose term of office would have expired on the 1st day of January, 1861, and who was re-elected to said office in November, 1860, for the term of four years from the 1st day of January, 1861, as Judge of Probate for this county; therefore, in consequence of said vacancy, it is resolved by the Board of Supervisors in and for the county of Oakland, and State of Michigan, by virtue of the power vested in us as such Board, that a special election be held in the county of Oakland and State of Michigan, on Monday, the first day of April, 1861, for the purpose of filling a vacancy in the office of Judge of

Probate, occasioned by the death of Hon. Oscar F. North, Judge of Probate for said county, and that the clerk and chairman of this Board be and they are hereby ordered and directed to give public notice of such special election, in accordance with the provisions of chapter 6, section 14 of the Compiled Laws of this State. The term of office to be filled at such special election will expire on the 31st December, 1864."

In pursuance of this resolution, the chairman and clerk of the Board caused notice to be given of an election. The notice as given was in the following form:

"*Notice of Special Election. State of Michigan, county of Oakland, ss.* Notice is hereby given that a special election will be held in the several townships of said county, upon the first Monday of April next, for the purpose of electing a Judge of Probate for said county, to fill a vacancy occasioned by the death of Hon. Oscar F. North, Judge of Probate elect for said county. The term of office to be filled at such special election will expire on the 31st day of December, 1864. This notice is given pursuant to the order of the Board of Supervisors. At a special meeting of the Board of Supervisors of the county of Oakland, continued and held at the Court House, in Pontiac, on the 27th day of February, 1861, the following order was made:

"*Resolved,* by the Board of Supervisors in and for the county of Oakland and State of Michigan, by virtue of the power vested in us as such Board, that a special election be held in the county of Oakland, on Monday the first day of April, 1861, for the purpose of filling a vacancy in the office of Judge of Probate, occasioned by the death of Hon. Oscar F. North, Judge of Probate elect for said county, and that the chairman and clerk of said Board give public notice of such special election, in accordance with the provisions of chap. 6, section 14, of the Compiled

Laws of this State. The term of office to be filled at such special election, will expire December 31st, 1864.

ABRAM ALLEN,
*Chairman Board of Supervisors, Oakland County.*

Z. B. KNIGHT, *Clerk,*

By E. W. PECK, *Dep. Clerk.*"

In pursuance of this notice an election was held, at which the relator received the greatest number of votes, and was declared elected. He now claims the office accordingly.

*M. L. Drake* and *J. M. Howard*, for the relator.

*E. C. Walker*, for Van Valkenburgh.

*M. Wisner* and *M. E. Crofoot*, for Lord.

CAMPBELL J.:

The relator claims to have been duly elected to the office of Judge of Probate of Oakland county, at a special election held on the first Monday of April, 1861. Van Valkenburgh was appointed in November, 1860, upon the death of Oscar F. North, the previous incumbent, who had just been re-elected for the four years to commence January 1, 1861. Lord, who is in possession of the office, was appointed by the Governor, January 1, 1861, and both he and Van Valkenburgh claim that the election of Andrews was invalid, and each claims the office by virtue of his appointment.

It is not disputed that Van Valkenburg's appointment was valid, but it is claimed by Lord that his appointment was revocable, and was revoked by the appointment of the latter. It is also claimed that, whether revocable or not, it had determined, and left a vacancy to be filled by appointment.

The Constitution provides that the Judge of Probate shall be elected, and shall hold his office for four years,

and "*until a successor is elected and qualified.*" In case of vacancy, the Governor is to appoint a person to continue "*until a successor is elected and qualified. When elected, such successor shall hold his office the residue of the unexpired term.*"

These provisions are so free from ambiguity that there is no room left for construction. A person appointed to fill a vacancy can only be superseded by one who is duly *elected*, and holds in the same manner as if originally the incumbent until thus superseded. His term of office did not expire on the first day of January, 1861, unless some one elected and qualified was then ready to take the office. As Mr. North was re - elected, and was then dead, the election had then fallen through. This was not a technical *vacancy*, but it was a case where a new election was expressly provided for by §26 Compiled Laws, which authorizes a special election "*when the right of office of a person elected to any of the aforesaid district or county offices shall cease before the commencement of the term for which he shall have been elected.*" We conceive this to be just such a case.

It is claimed, however, that by the Constitution the Legislature may authorize the removal of county officers "*in such manner and for such cause as to them shall seem just and proper*" (*Art.* 12, § 7 *Constitution*). And it is further claimed that, by a statute of 1857, entitled "An Act in relation to vacancies in county offices filled by appointment by the Governor" (*L.* 1857, *p.* 420), the absolute right of removal is given in all cases of appointment to fill vacancies, and that Lord's appointment amounted to a removal of Van Valkenburg, whose commission expressly gave him the office for the remainder of North's term "unless previously removed by the Governor."

Without undertaking to construe the act in question, it is sufficient to remark, that the other clauses of the Constitution already referred to, expressly prohibit the Governor

from appointing one Judge of Probate to supersede another already appointed to fill a vacancy. And it would also be an unwarrantable construction to hold, that power to authorize removals for a cause to be defined by law, would allow a removal at discretion and without cause. No such power was intended by the Constitution to be vested anywhere. Nor does the form of Van Valkenburg's commission change the case. The duty of the Governor in filling the vacancy was defined by the Constitution, and the limitation, which we are satisfied was placed in the commission by an inadvertent use of a wrong form, was entirely inoperative, and would have been under any circumstances.

The appointment of Mr. Lord was made when Van Valkenburg had an existing title to the office, only defeasible by an election; and was therefore void. The only remaining question is, whether Andrews was legally elected. It is objected that the notice was not legal. The law requires the order of the supervisors to set forth, how the vacancy occurred, the name of the officer, the time when the term expires, and the day of election. These all appear in the body of the order, and the omission to copy the preamble does not vitiate it. We think the law was complied with.

It is objected, however, that by the law of 1857, an appointment to a vacancy can not be superseded even by an election. Without attempting to determine the meaning or effect of this law, as to other officers, it could not be so interpreted as applicable to Judges of Probate, without an express violation of the constitutional provisions already quoted. We can not regard this law, therefore, as repealing the existing statutes providing for special elections, which are in perfect harmony with the constitutional provision, which clearly designs that no obstacle shall be thrown in the way of permitting elections to keep filled, as well as to fill originally, the office in question.

We are of opinion, that Van Valkenburg was entitled

THE PEOPLE *v.* LORD.

to the office until the election and qualification of Andrews, on whom it then devolved; and that Lord is guilty of intrusion; and judgment of ouster must therefore be rendered, with costs, in favor of Andrews against Lord. The judgment will also contain, as required by law, an adjudication upon the rights of Van Valkenburg, but no costs are to be awarded against him, as he was not in possession when the information was filed.

The other Justices concurred.