## John B. Stadler v. The City of Detroit.

*Detroit City Marshal — His term of office.* — The term of the office of Marshal for the City of Detroit as fixed by *Sec.* 13, *ch.* 2, of the Amended Charter, (*Laws of* 1861, *p.* 181–2) is two years, and this term is not abridged or affected by the provision of *Sec.* 2 of the same chapter.

*Appointment to office — when removal of incumbent.* — Under said Amended Charter, S. was appointed by the Common Council of the City to the office of Marshal for one year, and gave a bond in which his appointment for that time was recited. At the expiration of the year, the Council, without his consent, or in terms, removing him, appointed another to the office, who entered upon and performed its duties. In an action brought by S. to recover his salary as Marshal for the second year: *Held*, That by virtue of his appointment, S. was entitled to hold the office for two years, and to receive the salary for the full term; that the recital in said bond of an appointment for one year was surplusage, and the bond was valid for the full term; and that the appointment of another to the office was not equivalent to a removal of S. and did not divest him of the office.

*Heard April 8.     Decided May 13.*

Error to Wayne Circuit.

The facts appear in the opinion.

*L. Bishop*, for plaintiff in error.

*William Gray*, for defendant in error.

COOLEY J.

This action is brought to recover the salary of the

STADLER v. THE CITY OF DETROIT.

plaintiff as City Marshal of the City of Detroit, for the year 1863. It appears he was appointed to that office by a resolution of the Common Council, passed January 14, 1862, and which, by its terms, purported to confer the appointment for one year. He gave bonds for the performance of his official duties, reciting therein the appointment according to its terms, and thenceforward acted as Marshal until January 13th, 1863, when the Common Council, by a vote of 16 to 4, appointed Daniel Mahaney to that office, but without removing the plaintiff, unless such appointment of Mahaney had the effect of a removal. The plaintiff, at the expiration of the second year, presented to the Council his claim for the year's salary, which was refused allowance.

It is suggested, on behalf of the City, that, under the amended charter, it is questionable whether the appointment of the Marshal is not for one year instead of two. We are unable to discover any room for doubt on this question. Section 13 of chapter 2, as amended, (*Laws of* 1861, *p.* 181–2) expressly provides that the Marshal shall hold his office for the term of two years; and section 2 of the same chapter, which is supposed to create the doubt by providing that certain city officers, named, including the Marshal, "shall be appointed by the Common Council, at a meeting to be held on the second Tuesday of January, in each year," (*Laws of* 1861, *p.* 181,) is a general provision for the election of various officers, whose terms of office are not of uniform duration, and it can only mean that appointments shall be made at each annual meeting to fill such of the several offices as are then to become vacant.

The term of the office being for two years, the Council had no power to limit it to one, by their resolution of appointment; and we have no doubt the appointment of the plaintiff was a valid one for the full statutory period. The fact that the term was stated in his official

bond at one year, can make no difference; such a recital was surplusage, and the bond, so far as appears from the record, was valid for the whole time.

It is urged, however, by counsel for the city, that the Common Council has the authority, under the charter, to remove the Marshal at will, and without charges; and that the appointment of Mahaney to the office operated as such removal. The construction which the city authorities place upon the provisions of the charter as to the power of removal, we regard as the correct one. Section 20 of chapter 2, as amended, (*Laws of* 1861, *p.* 182,) provided that:

"Any officer holding office by appointment, *unless otherwise provided by law or ordinance*, may be removed at any time by the Common Council without charges and a trial thereof, by a vote of a majority of the Aldermen elect, except the Controller, Receiver of Taxes and Superintendent of the House of Correction, who may be removed for the same causes and on the same proceedings as a member of the Common Council."

The intention of this section was to vest in the Common Council an uncontrolled power to remove its appointees — except those specified — unless statute or ordinance provision should be made restricting their power in specified cases. Section 19 of chapter 2, which authorizes the Mayor to suspend or remove the Marshal for reasons to be reported to the Council, does not undertake to restrict the power of removal vested in the Council by section 20 as amended, and is not inconsistent with it. It cannot, therefore, have the effect to exempt the Marshal from the operation of said section 20.

The only remaining question is, whether the Common Council have exercised the power of removal with which they are vested.

It has been held that where an officer is appointed

during the pleasure of the appointing power, an appointment of another person is a removal of the incumbent. Whether this result could follow where the term of office is fixed by law and is to continue for a definite period unless an actual removal takes place, would seem to have been doubted by the Supreme Court of New York, (2 *Hill*, 204) but we do not feel called upon to decide the point in this case. A removal cannot be made without an intent to remove; and here it is clear that the Council did not suppose they were exercising their power to remove, and they cannot, therefore, be held to have intended it.

The facts disclosed by the record show that the Council undertook to restrict the term of office of the City Marshal to one year, when the statute prescribes a term of two years. At the expiration of the restricted period, they assumed the force of their appointment to be spent, and proceeded to make a new one. They assumed, as the basis of the second appointment, that the first had come to an end by force of the original limitation; and we are not warranted by the record in inferring that Mahancy would have been appointed had the Council supposed the plaintiff must be first removed. The removal of an officer usually is supposed to imply censure of his conduct; and the appointing body might hesitate to remove, when, if the office were vacant, they might prefer some other person to fill it.

The case upon which the Common Council acted was a supposed vacancy, which they proceeded to fill. As no such vacancy existed, the appointment was unwarranted, and the plaintiff, so far as appears by this record, continued the lawful incumbent for the full term.

We have not overlooked the point made by the Counsel for the city that the question of *intent to remove* is not open upon the record, inasmuch as it does not appear that the Court below passed upon it. The record

STADLER v. THE CITY OF DETROIT.

states that there was no evidence of any removal of plaintiff, unless the appointment of Mahaney had that effect; and the Court below charged that it did. We think the appointment alone could not have that effect, and that the charge was erroneous.

The judgment must be reversed, and a new trial ordered.

CHRISTIANCY and CAMPBELL JJ. concurred.

MARTIN Ch. J. *dissenting.*

The City Charter of Detroit requires that the Common Council should appoint a Marshal in each year. It also provides that the City Marshal shall hold his office for two years. Here is an evident discrepancy in the law. Which provision shall prevail? Clearly to my mind that imposing a duty. A person who takes office under a fixed salary does not take it under contract, but by appointment. The salary may be increased or diminished during his term of office, and he, in the latter case, can have no action upon contract for such a diminution.

In the present case the appointment was for one year. The understanding then, of both the Common Council and Stadler was, that he should hold but one year. Let then each abide by such understanding.

Again, at the expiration of the year a successor to Stadler was appointed. This was a removal without previous action by the Common Council. — (*See* 22 *Illinois*, 554, *and* 2 *Hill*, 93.) The very inequity of this demand, and the mischievous results which would follow a contrary decision, are considerations which impel me to hold that the provision imposing a duty upon the Common Council has superior force to that fixing the tenure of an office — which is, after all, within the power of such Council, and which the Council have undertaken, and I think successfully, to conclude by the appointment of a successor.

I think the judgment should be affirmed.