THE PEOPLE ex rel., JOHN F BRIDGEMAN, Respondent, v. BENJAMIN H. HALL, Appellant.

In an action in the nature of a *quo warranto* to determine the title to the office of chamberlain in the city of Troy, it appeared that by the city charter the mayor has authority, in case of a vacancy in said office, to nominate for a full term of three years, and also, in case of the absence of the incumbent to appoint for a temporary period. In February, 1884, the mayor addressed a communication to the common council, which recited that C., the then incumbent of the office, whose term expired October 7, 1884, "had abandoned his office, and according to accounts had left the city" a defaulter and appointed defendant " to discharge the duties of the office " during the absence of C. The relator was appointed and confirmed as chamberlain in May, 1885, " for the ensuing term of three years." *Held,* that the appointment of defendant was intended merely as a temporary one, and if the mayor had no power to make such an appointment it was a nullity and did not enure as an appointment for a full term.

*People ex rel. Andrews* v. *Lord* (9 Mich. 227); *Stadler* v. *City of Detroit* (13 id. 346); distinguished.

In February, 1885, another action in the nature of a *quo warranto* was brought on the relation of the present relator against defendant. The

relator then claimed under a nomination and appointment made January 15, 1885; defendant claimed under the same appointment upon which he bases his claim in this action. Judgment was rendered in that action in June, 1885, against the relator and in favor of defendant, but it was declared therein that it was not decided or intended to be decided whether defendant was legally chamberlain under a temporary appointment or under one for a full term, and the relator was defeated on the ground that he had failed to give a proper bond. *Held*, that said judgment, while it necessarily determined that defendant's appointment was valid, was not conclusive that it was for a full term, and so the judgment did not constitute an estoppel.

A judgment is not an estoppel as to any fact not expressly decided, and as to which contradictory inferences may be drawn, from different provisions in the judgment.

(Argued December 14, 1886; decided January 18, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made at the January Term, 1886, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was in the nature of a *quo warranto* to determine the title to the office of chamberlain of the city of Troy.

The material facts are stated in the opinion.

*Esek Cowen* for appellant. No acting chamberlain could be appointed during Church's absence, because the charter evidently contemplates a temporary sickness or absence, and Church's absence was not one of that character. (*Bernard v. Hoboken*, 27 N. J. [L. R.] 412; 96 Ill. 429; *Cadwalader v. Howell*, 18 N. J. [3 Har.] 145; *Hampden v. Levant*, 50 Me. 559; *No Yarmouth v. W. Gardiner*, 58 id. 207; *Stocking v. State*, 7 Ind. 329; *State ex rel. Van Buskirk v. Boecker*, 56 Mo. 17; *People ex rel. v. Osborne*, 7 Col. 612.) The only powers granted to the mayor and common council, in this case, under the law, were to appoint a chamberlain, and as the law fixed the term of the office of chamberlain, at three years, any words added, the intention of which was to limit or modify or restrict the term of office, were not only sur-

plusage, but impertinent matter to be utterly disregarded. (*Parker* v. *Baker*, Clarke's Ch. 225, 226; *In re Hennen*, 13 Peters, 236; *People* v. *Ransom*, 56 Barb. 519; *Hartshorn* v. *Schoff*, 51 N. H. 316; Kent's Com. 619; 1 Pars. on Cont. [4th ed.] 58; *Hudson* v. *Jeff. Co. Court*, 28 Ark. 360; *Glass* v. *Ashbury*, 49 Cal. 571; *McPherson* v. *Foster Bros.*, 43 Ia. 48; 9 Mich. 227; 13 id. 346.)

*R. A. Parmenter* for respondent. An office is filled, and the title vested in the party who is discharging its functions under a valid election or appointment, and his continuance in the office should be permitted until some officer or tribunal, authorized by law, shall in a regular way oust him because of his failure to meet the full statutory requirements. (*Foot* v. *Stiles*, 57 N. Y. 399; *Cronin* v. *Stoddard*, 97 id. 271; *In re Kendall*, 85 id. 302; *Horton* v. *Parsons*, 37 Hun, 42; *People ex rel. Woods* v. *Crissey*, 91 N Y. 616.) There was no obligation on the part of Mr. Hall to accept the office under the qualified appointment which he received. But having accepted under such a restricted appointment, he cannot now properly claim that its character should be enlarged so as to confer upon him a term which it was not intended to give, and which he did not for a moment suppose he was entitled to when he commenced to discharge the duties of the office. His acts have concluded him from lawfully asserting such a claim. (*People ex rel. Cowles* v. *Ferguson*, 20 Week. Dig. 276.) On the trial of an action in the nature of a *quo warranto*, the defendant must establish his title *de jure*. (*People* v. *Bartlett*, 6 Wend. 422; *People ex rel. Judson* v. *Thacher*, 55 N. Y. 525; *People ex rel. Hetzell* v. *Hall*, 80 id. 127; *Olmstead* v. *Dennis*, 77 id. 378; *People ex rel. Henry* v. *Nostrand*, 46 id. 382; *People* v. *Hopson*, 1 Den. 574–579; *People* v. *A. & S. R. R. Co.*, 55 Barb. 346–385.) Hall's appointment, made February 7, 1884, may not be legally construed as a nomination by the mayor for a full term. (*People* v. *Fitzsimmons*, 68 N. Y. 520; Laws of 1880, chap. 30, §§ 2, 3, 4, 5.) The mayor had the right to judge whether there was a temporary

or a permanent abandonment upon the facts presented. (*State ex rel. Connell* v. *Allen*, 21 Ind. R. 516, 522.)   A judgment against a party sued as an individual does not bind him when sued as a trustee; nor would it be an estoppel in a subsequent action in which such party prosecuted or is sued in his trust capacity.  (*Rathbone* v. *Hooney*, 58 N. Y. 463; *Ferguson* v. *Mass. Mut. Fire Ins. Co.*, 22 Hun, 320; Code Civ. Pro., § 1209.)   In general he who by way of estoppel sets up a former verdict or judgment must establish by competent evidence that the same fact sought to be litigated in the second suit was put in issue in the former one.  (*Remington Paper Co.* v. *O'Dougherty*, 81 N. Y. 474.)   The conclusive character of a judgment as *res adjudicata* extends only to substantive and identical issues, and if the vital issue of a later litigation has been directly determined it may not be litigated again.  (*Palmer* v. *Hussey*, 87 N. Y. 463; *Lorillard* v. *Clyle*, 48 Supr. Ct. 409; *People ex rel. Gilchrist* v. *Murray*, 73 N. Y. 535; *Flanagan* v. *Flanagan*, 8 Abb. [N. C.] 413, 422; *Webb* v. *Buckelew*, 82 N. Y. 555; *Audubon* v. *Excelsior Ins. Co.*, 27 id. 216.)   When a party brings a suit as assignee of a mortgage to foreclose the same, and fails in such suit in consequence of a defect in his title as assignee, the judgment of dismissal is no bar to a second action of foreclosure, brought by him after he has perfected his title by taking the requisite assignment.  (*Mitchell* v. *Cook*, 29 Barb. 243, 249, 253; S. C. 26 How. 599.)   It devolves upon a party who would enforce an estoppel to present a case free from all doubt.  (*Bernard* v. *City of Hoboken*, 27 N. J. L. R. 412; *Marsh* v. *Masterton*, 23 Week. Dig. 239; S. C., 101 N. Y. 401.)

ANDREWS, J.   We think the judgment should be affirmed, and shall content ourselves by stating briefly the reasons for this conclusion.

The controversy relates to the title to the office of chamberlain of the city of Troy at the time of the commencement of the action, in September, 1885.   The relator claims title by

**174**     PEOPLE ex rel. BRIDGEMAN *v.* HALL.     [Jan.,

Opinion of the Court, per ANDREWS, J.

virtue of his nomination by the mayor, May 21, 1885, for the office of chamberlain "for the ensuing term of three years," and its confirmation under the provisions of the charter, by the failure of the common council to reject the same. The defendant claims title under a written appointment, contained in a communication addressed by the mayor to the common council, dated February 7, 1884, in which the mayor, after reciting that "Henry S. Church, the chamberlain of the city, had abandoned his office and according to accounts had left the city," and also that a partial examination of his accounts rendered it morally certain that he was a defaulter, concluded as follows: "Under these circumstances, and in pursuance of the provisions of the charter, I do hereby appoint, subject to your approval, Benjamin F. Hall, to discharge the duties of the office of chamberlain during the absence of Henry S. Church." The communication was received by the common council on the day of its date, and the appointment of Hall was thereupon approved by a majority vote of the council. It is insisted by the defendant that although the appointment on its face was an *ad interim* one, it was in legal effect an appointment for the full term of three years, for the reason that the mayor, under the circumstances existing at the time, had no power to make a temporary appointment, but had power to nominate a chamberlain for a full term, and no other, and that the appointment and confirmation of Hall must be referred to the power actually existing, and not to that attempted to be exercised, and that the restriction contained in the terms of the appointment was therefore nugatory. If this contention is well founded, the defendant was the rightful incumbent of the office when this action was commenced in September, 1885, as his term would not expire until February 7, 1887. If, on the other hand the appointment of Hall was valid as an *ad interim* appointment only, or was wholly void, and these questions are now open for decision, notwithstanding the adjudication in the former action, then it is conceded that the relator is entitled to the office under the nomination and confirmation

of May 21, 1885.   It is plain that if the appointment of Hall was valid only as a temporary appointment during the absence of Chamberlain Church, his right to hold the office expired on the resignation of Church, April 2, 1884, or at all events on the expiration of Church's term, October 7, 1884.   In either case there was a vacancy in the office, May 21, 1885, which could be filled by a nomination and an appointment for a full term.

The main question is as to the character and legal effect of Hall's appointment, February 7, 1884.   The chamberlain, under the Troy charter, is to be nominated by the mayor, and confirmed by the common council, and has a term of three years. The charter also contains this provision.   " In the event of the sickness or absence of the chamberlain, if he shall neglect to appoint some suitable person to discharge the duties of the office, the mayor may appoint some suitable person, to be approved by the common council, to discharge the duties of the office during such sickness or absence."   The appointment of Hall plainly indicated on its face that it was an attempt to exercise the power conferred by this provision, and that it was not intended as a nomination for a full term.   It assumed that there was no vacancy in the office, but that circumstances existed which justified the exercise of the power to make a temporary appointment under the provision referred to.   It is insisted, however, by the defendant, that the exigency contemplated by the charter, had not arisen, and that the mayor had in fact no authority to make a temporary appointment for the reasons, *first*, that Church, although he had acted as chamberlain under a regular appointment for one full term and part of a second term, was never in fact chamberlain *de jure*, by reason of not having filed a proper bond, and that therefore no acting chamberlain could be appointed in his place, he being an officer *de facto* merely ; *second*, that the flight of Church was not such an absence as was contemplated by the charter ; and, *third*, that his flight from the city with an intention not to return to Troy, as is found, was an abandonment of the

office and a removal from the city which created a vacancy which could be filled only by an appointment for a full term.

We deem it unnecessary to consider whether, under the circumstances disclosed, the power to make a temporary appointment existed February 7, 1884. It is clear that the mayor supposed he had the power and undertook to exercise that power and that alone. Assuming that the mayor had no power to make a temporary appointment, for any or all the reasons urged, the necessary result upon that assumption is, we think, that the attempted appointment of Hall was a nullity. The mayor has power by the charter, in case of a vacancy, to nominate for a full term, and also a power to appoint for a temporary period, viz., during the absence of the incumbent. He has, in other words, two distinct powers relating to the same general subject, one of which he attempted to exercise, and so declared, but it turns out that his only authority in the particular contingency was to exercise the other power, which he did not intend or attempt to exercise, but plainly excluded from his consideration. It is sought to make his act stand as an execution of the other power contrary to his intention. We find no authority justifying such a contention. Under the general principles of agency and powers such a result is excluded. Lord Coke says (Co. Litt. 258b): "Regularly it is true that when a man doth less than the commandment or authority committed to him, then the commandment or authority being not pursued, the act is. void. And when a man doth that which he is authorized to do, and more, that is good for that which is warranted, and void for the rest. Yet both these rules have divers exceptions and limitations." (See, also, Sugden on Powers, chap. 5.) Where an agent does an act in excess of his authority, and the excess is separable, the act in many cases may stand so far as it is authorized, and for that the principal may be bound. But where an agent or the donee of a power does a different thing from what he is authorized to do, and what he does is intended as an exercise of one of several powers, and he does the act for one purpose and in the assumed exercise of one

specific power, it would seem to be contrary to reason to treat the act as done under a different power, and make it binding, contrary to the intention.   There are certainly very strong reasons founded in public policy against permitting a person to claim and hold a public office in such a case and under circumstances such as are disclosed in this record, against the intention and through the mere mistake of the appointing power as to the existence of extrinsic facts, supposed to exist, and which, if they had existed, would have rendered the appointment valid according to its terms.   It might very well be that the public interests would, in the judgment of the mayor and common council, require a different appointment for a full term than for a temporary period.   The restrictive words in the appointment cannot be disregarded without changing the essential character of the appointment.   They constitute an integral part of the transaction and cannot be separated from the prior words without subverting the whole intention of the appointing power.   We conclude, therefore, that if the power to make a temporary appointment could not, under the circumstances, be exercised, the appointment of Hall was void, and did not enure as an appointment for a full term. The question involved in the Michigan cases (*People ex rel. Andrews* v. *Lord*, 9 Mich. 227 ; *Stadler* v. *City of Detroit*, 13 id. 346) is not presented.   There the appointing power attempted to exercise a power of appointment clearly defined, but by inadvertence or misapprehension, put a limitation upon the appointment, which was unauthorized.   Here, upon the assumption made, there was an attempt to exercise a special power, which, under the circumstances, could not be exercised for any purpose, or to any extent whatever, and there was no attempt to exercise the actual power.

The remaining question arises in respect to the estoppel of the former judgment.   The prior action was founded upon the title of the relator under his prior nomination and appointment of January 15, 1885.   The defendant set up, as in this case, his appointment of February 7, 1884.   Judgment was

rendered in that action against the relator and in favor of the defendant. It is now insisted that the judgment is conclusive that the appointment of Hall was for the full term of three years from February 7, 1884. It is clear that this point was not adjudicated on the face of the judgment. On the contrary, the judgment, while affirming the title of the defendant to the office, expressly declares that it was not decided, nor intended to be decided, whether he was legally chamberlain under a temporary appointment, or under an appointment for a full term of three years. But the argument is, that as the only title which Hall had was under the appointment of February 7, 1884, the judgment necessarily determines that that appointment was a valid one, and as the judgment further determined that Hall was the rightful chamberlain when the judgment was rendered (June 6, 1885), and as this could not be true if the appointment was a temporary one only, it follows that the appointment of February 7, 1884, must have been for a full term and must have been so determined. The judgment, doubtless, did determine that the appointment of February 7, 1884, was a valid appointment. But this concession does not help the defendant in raising an estoppel, unless he can show further that the judgment also determined that the appointment was for a full term. This point the court expressly refused to decide. It is sought to be inferred, as a necessary sequence to the fact found, against the express disclaimer in the judgment itself. But it is a decisive answer to the defense of *res adjudicata*, that judgment passed against the relator in that action on a ground which is utterly inconsistent with an adjudication that Hall's appointment was for a full term. In that action both the title of the relator and of the defendant were in issue. The relator was defeated on the ground that he had omitted to give a proper bond, under the appointment of January 15, 1885, and so the judgment declares. This clearly implies that, but for this omission, his title to the office under that appointment would have been valid. This could not be so if the appointment of Hall was for a full term, as that term would not expire till February 7, 1887. The most that the defendant is entitled to claim is

that the judgment contains contradictory and inconsistent implications, one, that the appointment of February 7, 1884, was for a full term, and the other that it was a temporary appointment only. Under this situation the matter is set at large and the judgment constitutes no estoppel. It comes within the qualification stated in the Duchess of Kingston's case, that a judgment is not conclusive of "any matter to be inferred by argument from the judgment." It is unnecessary to consider other grounds urged 'against the conclusiveness of the former adjudication.

The former judgment, not being in the way of an adjudication of the case upon the merits, we are of opinion that, for the reasons stated, the judgment should be affirmed.

All concur.

Judgment affirmed.