| 87 | 475 |
| 93 | 157 |

[No. 14076.  In Bank. — January 17, 1891.]

PEOPLE EX REL. J. R. LAINE, RESPONDENTS, *v*. G. G. TYRRELL, APPELLANT.

OFFICE — VACANCY — APPOINTMENT BY GOVERNOR.— An appointment by the governor, during a recess of the legislature, for a term of four years, to fill a vacancy in the membership of the state board of health, is in legal effect merely an appointment during the recess of the legislature, and until the adjournment of its next session.

ID. — CONFIRMATION OF SENATE. — Upon the issuance of a commission to fill a vacancy, the appointment is complete, and needs no action of the senate to confirm it.

ID. — HOLDING OVER — QUALIFICATION OF SUCCESSOR — CONSTRUCTION OF POLITICAL CODE. — Section 879 of the Political Code, declaring that every officer must continue to discharge the duties of his office, although his term has expired, until his successor has qualified, applies to officers appointed temporarily by the governor to fill a vacancy.

ID.— EXPIRATION OF TERM — POWER OF GOVERNOR. — The mere expiration of the term of the incumbent of an office does not create a vacancy such as the governor alone is authorized to fill by the appointment of a successor.

ID. — APPOINTMENT WITH CONSENT OF SENATE — COMMISSION. — In the matter of an executive appointment with the consent of the senate, the issuance of a commission is a part of the act of appointment.

ID. — QUALIFICATION — CREATION OF VACANCY. — An appointee is not required to qualify until he has received his commission, and his failure to qualify cannot create a vacancy, if he has received no commission.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Clinton L. White*, for Appellant.

Members of the state board of health are appointed by the governor, with the consent of the senate. The term of office is four years. (Pol. Code, secs. 368, 369.) Vacancies occurring in office during the recess of the legislature, the appointment to which is vested in the governor and senate, must be filled by appointment made by the governor, but the person so appointed can only hold the office until the adjournment of the next session of the legislature. (Pol. Code, sec. 1000.) A vacancy in office is defined by statute, and unless the particular case comes within the definition, there is no vacancy such as gives life to the appointing power of the executive. (Pol. Code, sec. 996; *People* v. *Tilton*, 37 Cal. 614; *People* v. *Whitman*, 10 Cal. 45.) An incumbent may hold over after his term until his successor is qualified, and no vacancy is created, in such case, which the governor can fill without the consent of the senate. (Pol. Code, sec. 879; *People* v. *Bissell*, 49 Cal. 407.)

*Attorney-General Johnson,* and *A. L. Hart,* for Respondents.

The governor might appoint without consent of the senate to fill a vacancy temporarily. (*People* v. *Cazneau,* 20 Cal. 504.) But this was the limit of his power, and he could not vest title to the office for the unexpired term.

His appointment of Dr. Tyrrell must either be construed as an appointment to fill a vacancy, or as an absolute nullity. The confirmation of the senate could not take effect until a commission was issued under it. Section 879 of the Political Code has no application to a person appointed under section 1000 to fill a vacancy temporarily. Such person cannot hold over, else the temporary limitation is abortive. It was the intention to limit the holding of such an appointee. (*People v. Whitman,* 10 Cal. 38; *People* v. *Tilton,* 37 Cal. 614.) The defendant did not qualify under his appointment for the term, and this created a vacancy which the governor was authorized to fill. (*People* v. *Taylor,* 57 Cal. 620.)

DE HAVEN, J.— On November 17, 1884, during a recess of the legislature, a vacancy existed in the membership of the state board of health, and on that day the appellant, Tyrrell, was appointed a member of said board, and in the commission issued to him by the governor it was recited that he was thereby appointed "a member of the state board of health, *vice* F. W. Hatch, deceased, *for the term expiring January 11, 1888.* Appellant duly qualified as such officer November 19, 1884, and since that date has continued to discharge the duties of said office.

Upon January 10, 1885, the legislature being in session, the governor transmitted to the senate a message informing that body of appellant's said appointment on November 17, 1884, "*for the term of four years, vice F. W. Hatch, deceased,*" and the senate was requested to consent thereto. The senate took action upon said message, and the question, "Will the senate advise and consent to the appointment of G. G. Tyrrell, of Sacramento, as a member of the state board of health for the term of four years, *vice* F. W. Hatch, deceased?" was decided in the affirmative. The governor did not thereafter issue to appellant any commission for said office, nor has

he since such action of the senate taken any oath of office as a member of said board.

On March 18, 1889, during a recess of the legislature, the governor appointed the relator, Laine, to the said office of member of state board of health, and upon that day he duly qualified as such.

The judgment of the court below was in favor of the relator, and ousting the appellant from said office. From this judgment, and an order denying his motion for a new trial, the defendant, Tyrrell, appeals.

We think the commission issued by the governor to appellant on November 17, 1884, must be held to have legal effect simply as an appointment to fill the vacancy then existing, until the adjournment of the next session of the legislature, as the governor was not authorized to make an appointment for any longer time than during the recess of the legislature. (Pol. Code, sec. 1000.)

Upon the issuance of this commission, the appointment to fill such vacancy temporarily was complete, and needed no action of the senate to confirm it. (*People* v. *Cazneau,* 20 Cal. 504.) And under this commission the appellant was vested with the right to hold said office until the appointment and qualification of a successor in the mode provided by law. Section 879 of the Political Code declares : " Every officer must continue to discharge the duties of his office, although his term has expired, until his successor has qualified"; and section 1000 of the Political Code does not create an exception to this rule, in the case of officers temporarily appointed by the governor. The language of that section, " but the person so appointed can only hold the office until the adjournment of the next session of the legislature," simply means, when construed with section 879, as it must be, that the term of such appointed officer *shall expire* upon the adjournment of the next session of the legislature, and his successor may take his place ; but if no successor has been appointed, then the

very condition of affairs intended to be provided for by section 879 has arisen, and that section applies.

It is the settled law of this state that the mere expiration of the term of the incumbent of an office does not create a vacancy therein such as the governor alone is authorized to fill by the appointment of a successor. (*People* v. *Tilton,* 37 Cal. 614; *People* v. *Bissell,* 49 Cal. 407.)

It would follow, from this, that the appointment of the relator during a recess of the legislature was invalid, unless, under section 996 of the Political Code, a vacancy was created by the failure of the appellant to take and file his official oath after the confirmation of the senate. The obligation to take and file such oath did not arise unless the message of the governor announcing the appointment of appellant during the recess, and the action of the senate advising and consenting to the same, constituted an appointment of appellant as his own successor. But even construing these acts of the governor and senate as a nomination and confirmation of appellant as his own successor (and whether they can be so construed we do not determine), such appointment was not completed, no commission having been subsequently issued to the appellant. In the matter of an executive appointment with the consent of the senate, the issuance of a commission is not a mere ministerial act, but is a part of the act of appointment. It is this act which completes the appointment, as well as perpetuates the evidence of it. (*People* v. *Murray,* 70 N. Y. 526.) And this is also the doctrine of the case of *Conger* v. *Gilmer,* 32 Cal. 76.

It follows that the court below erred in rendering judgment for the relator upon the findings.

Judgment and order reversed.

SHARPSTEIN, J., BEATTY, C. J., HARRISON, J., GAROUTTE, J., and McFARLAND, J., concurred.