EDWIN F. CONELY ET AL. v. THE COMMON COUNCIL OF THE CITY OF DETROIT.

*Elections—Appointment of inspectors—Vacancies.*

Where, in redistricting a city into election districts, some of the former districts remain unchanged, and additional districts are created, the common council has power, under the election law of 1891, to appoint inspectors of election for such additional districts.

*Mandamus.* Argued November 3, 1892. Denied November 4, 1892.

Relators applied for *mandamus* to compel respondent to vacate proceedings appointing election inspectors. The facts are stated in the opinion.

*Harry F. Chipman* and *Edwin Henderson,* for relators.

*John J. Speed* and *Henry M. Duffield,* for respondent.

PER CURIAM. Until recently the city of Detroit was divided into 63 election districts. Under an act to amend the charter (Act No. 564, Local Acts of 1887), five inspectors of election for each of said 63 districts had been elected. Recently the common council has redistricted the city, creating 102 election districts. Some of the former districts remain unchanged. On October 4, 1892, the com-

mon council, by resolution, appointed five inspectors of election for each of the 102 districts. In the districts which had been undisturbed by the resubdivision, the inspectors who had been elected under the act of 1887 were appointed as inspectors in such districts. On the 2d day of November, 1892, the council adopted an ordinance designating and reappointing the inspectors named in the resolution of October 4, 1892. A *mandamus* is applied for to compel the common council to vacate the proceedings making such appointments, upon the ground that under the act of 1887 all·vacancies are to be filled by the electors in each district at the time of the opening of the polls on election day.

The *mandamus* must be denied. Section 2 of the act of 1887 provides that—

" Any vacancy in their number, caused by failure or inability to elect by ballot, or by removal or death, may be filled for the remainder of said term by the electors present by *viva voce* vote, at the opening of the polls at any general or special election, and any vacancy caused by sickness or absence may in like manner be filled for the time being upon the opening of the polls at any general or special election."

In the present case, however, no inspectors have ever been elected in such new districts as have been carved out of or include new territory; consequently no vacancies can be said to exist in those districts, and the act of 1887 contains no provision to meet such an emergency. In cases where new counties have been formed, the power given to the Governor to fill vacancies does not authorize him to appoint county officers, but in each instance the act creating the new county empowers the Governor to appoint provisional officers. *Dingwall v. Common Council*, 82 Mich. 568, was a case involving the filling of vacancies under the act of 1887, and has no application to the present case. In *People v. Lord*, 9 Mich. 227, and *Lawrence v. Hanley*, 84 Id.

399, the Court held that the death of a person elected to office before he qualified and entered upon the duties of his office created no vacancy, and the reason was simply because there was an incumbent of the office . elected to serve until his successor should be elected, qualify, and enter upon the duties of the office. Here there is no vacancy in the office, because no office or officer for that district ever existed.

Section 4 of the general election law (Act No. 190, Laws of 1891), provides:

" In case of townships and incorporated villages so divided, the provisions of chapter 8 of Howell's Annotated Statutes shall apply to and govern all proceedings hereunder, with reference to such division, boards of registration, election inspectors, and all matters arising therefrom not provided for by this act. In cities where no special provisions exist relative thereto, such division, and all matters arising therefrom, not covered by the provisions of this act, shall be provided for by ordinance of the common council of said city; and it is hereby made the duty of such common council to make all necessary rules and regulations in connection therewith to fully carry out the provisions of this section."

This provision gave to the council full power to act in the premises, and the *mandamus* must be denied.