## STATE ex rel. HELLIER v. VINCENT.

The power of appointment to an elective office is exhausted when once exercised, and any subsequent appointment, until the incumbent has been removed or the office has become vacant, is void.

Rev. Pol. Code, § 1814, provides that appointments to fill vacancies shall "continue until the next general election * * * and a successor is elected and qualified." The incumbent of the office of sheriff for the term ending January, 1905, was re-elected in November, 1904, for a full term of two years. He died December 7, 1904. The county commissioners appointed one to fill the unexpired term "until January 1, 1905, or until his successor is appointed or qualified." *Held*, that the appointee was entitled to the office until the next general election at which the vacancy could be filled and a successor elected and qualified.

Appeal from Circuit Court, Marshall County.

Quo Warranto by the state, on the relation of Charles T. Hellier, against Marshall Vincent. From a judgment for defendant, relator appeals. Affirmed.

*Harry E. Phelps, Byron Abbott,* and *Charles M. Stevens,* for appellant. *Campbell & Taylor,* for respondent.

FULLER, P. J.   Claiming to be lawfully entitled to the office of sheriff of Marshall county by reason of his appointment by the county commissioners on January 6, 1905, plaintiff brought this action to oust the defendant, who was inducted into such office and discharging the duties thereof by virtue of the following appointment made on the 13th day of December, 1904: "We, the honorable board of county commissioners of Marshall county, S. D., in regular session as per adjournment, do hereby appoint Marshall Vincent as sheriff of Marshall county for the unexpired term of H. A. Hinckley, deceased.   This appointment is until January 1, 1905, or until his successor is appointed or qualified.   Board of County Commissioners: Frank McKinley, Chairman.   Geo. A. Elsom.   Thos. Creaser." The material facts, which are undisputed, may be stated thus: On the first Monday of January, 1903, Mr. H. A. Hinckley duly qualified and entered upon the duties of the office of sheriff, to which he had been elected at the November, 1902, general election for a full term of two years, and continued therein until the 7th day of December, 1904, when he departed this life.   He had also been re-elected at the regular November, 1904, election for the ensuing term, to commence on the first Monday of January, 1905; and the question, therefore, is whether the county commmissioners had authority to limit the appointment of the defendant to the unexpired term.

It may be said in a general way that the power of appointment to an elective office is exhausted when once exercised, and any subsequent appointment to the same office ,until the incumbent has been legally removed or the office become vacant, is ineffectual and void. Thomas v. Burrus, 57 Am. Dec. 154; State ex rel. Brown v. Woodruff, 32 N. Y. 355; Mechem on Public Officers § 115.   Under a constitutional provision to the effect that a certain officer shall be elected and hold his office for four years and until his successor is elected and qualified, the Michigan court denied the power to limit an appointment to the first term of a re-elected officer, and the headnote in a case similar to this upon principle is as follows: "A judge of probate was re-elected, but before the commencement of his new term died, and an appointment was made by the Governor to fill the vacancy.   January 1st [when the new term would commence]

the Governor, on the supposition that there was now a new vacancy, made another appointment. It was held that the second appointment was void, and that under the constitution the person first appointed would hold until a successor was elected and qualified." People ex rel. Andrews v. Lord, 9 Mich. 227.

The exclusive power of filling vacancies in county and precinct offices, except county judges, is conferred upon the board of county commissioners, and, in case a vacancy occurs 30 days previous to an election day at which the office may be filled, no appointment can be made, unless it be necessary to carry out such election and canvass the vote, and in such event the appointed incumbent can hold only "until after said election, or until his successor is elected and qualified." Rev. Pol. Code, § 1813. While the Constitution specifies two years as the term for which a sheriff shall be elected, the prevailing doctrine in such cases appears to be that an officer is entitled to hold over until his successor is elected and qualified, unless such practice is plainly prohibited, and the statute under which the board of county commissioners in this instance was acting is as follows: "Appointments under the provisions of this article shall be made in writing, and made to continue until the next general election at which the vacancy can be filled, and until a successor is elected and qualified, to be filed with the Secretary of State or in the proper county offices respectively. Persons appointed to offices as herein provided shall qualify in the same manner as is required of those elected, the time of which shall be prescribed in their appointment." Rev. Pol. Code, §§ 1814, 1815. According to the express terms of the statute and the spirit of our decisions, the death of the sheriff on the 7th day of December, immediately following his re-election, created a present vacancy in the office, which could be filled only by a written appointment, not for the unexpired term, but "to continue until the next general election at which the vacancy can be filled, and until a successor is elected and qualified." The case of State ex rel. Sheets v. Speidel 56 N. E. 871, is directly parallel, and the syllabus of the court is as follows: "When one who is holding the office of sheriff, and is a candidate for election to succeed himself, dies before entering upon the new term, a vacancy is

thereby created in the term in which he was serving, but not in the term for which he was a candidate and upon which he had not entered; and one who is duly appointed and qualified to fill the vacancy thus created will hold the office for and during the unexpired term of his predecessor and until his successor is elected and qualified; and such election must be had at the first proper election that is held more than 30 days after the occurrence of the vacancy." To limit the appointment of Vincent to the unexpired term of the deceased sheriff would not only involve a flagrant disregard for the plainest of languages, but necessitate the unauthorized substitution of the judiciary for the legislative in making a new statute. The trial court was fully justified in deciding that appellant is not entitled to the office, and that respondent was at the commencement of this action, and now is, the duly appointed, qualified, and acting sheriff of Marshall county.

The judgment appealed from is affirmed.