IN THE MATTER OF THE APPEAL OF STELLA MAUDE JONES FROM A DECISION OF FRANCIS H. SMITH, AUDITOR OF THE TERRITORY OF HAWAII.

No. 2243.

STELLA MAUDE JONES *v.* GRACE BLACK PA.

No. 2245.

ARGUED JULY 7, 1936.　　　　DECIDED AUGUST 14, 1936.

COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY COKE, C. J.
(Peters, J., dissenting.)

Section 40, R. L. 1935, provides: "There shall be a board of commissioners of public archives consisting of three members, one of whom shall be the secretary of the Territory ex-officio, to be appointed by the governor by and with the advice and consent of the senate."

At the times of which we shall speak there had been duly and regularly appointed to the board of commissioners of the public archives A. G. M. Robertson, Esq., and Penrose C. Morris, Esq., the former for an indefinite period, the latter for a term of four years. The Honorable Arthur A. Greene was the secretary of Hawaii and upon him had devolved all of the powers and duties of the governor of the Territory during the absence of the latter.

On June 1, 1935, Mr. Robertson left the Territory for a temporary visit to the mainland of the United States and on June 12 following, the governor being absent from the Territory, the acting governor, assuming that Mr. Robertson's tenure of office as a member of the board was at the pleasure of the governor, requested Robertson's resignation from the board at his early convenience and, without awaiting a reply, immediately appointed one Grace Black Pa, hereinafter referred to as the respondent, as a member of the board in Mr. Robertson's place. Her commission recites that she was appointed for a term

of four years. Mr. Robertson returned to the Territory on August 1 following, having been absent continuously from the date of his departure. In response to a request for his resignation he declined to resign and insisted that he was still a member of the board.

The respondent accepted her appointment, qualified as a member of the board and proceeded with the performance of her duties as such. Thereafter, at a meeting of the board held on June 20, 1935, at which the respondent, the acting governor and Mr. Morris were present, one Stella Maude Jones, referred to in the minutes of the meeting as "librarian of the archives," hereinafter referred to as the appellant, was by a two to one vote (the secretary and respondent comprising the majority vote) dismissed from her position as such effective noon, Saturday, June 22, 1935. Thereupon, and notwithstanding her dismissal, the appellant submitted to the territorial auditor a claim for salary for the full month of June, but the same was rejected by the auditor for the proportionate amount from June 22 to the closing day of the month. From this decision of the auditor the appellant appealed under the statute to this court.

On July 5, 1935, the appellant filed in the circuit court of the first circuit a petition for a writ of *quo warranto* to try title of the respondent to the office of member of the board of commissioners of public archives. To the petition the respondent interposed a demurrer and the questions raised thereby were reserved by the circuit judge for the consideration of the court.

Both cases were briefed and argued together and will be so considered. The appeal from the auditor is accompanied by a stipulation of facts. These are more complete than the allegations of the petition for the writ of *quo warranto* but it will be assumed for the purposes hereof

that the allegations of the petition and stipulation of facts are equally complete.

The question common to both cases is the validity of the appointment of the respondent on June 20 when appellant was dismissed from her position and on July 5 when the petition for a writ of *quo warranto* was filed. Both the appellant and the respondent have assumed that this question depends solely upon the title of Mr. Robertson to the office of member of the board. We deem this latter question, however, unnecessary to the determination of the issues. Nor do we consider it necessary to decide the questions raised by the court of its own motion as to whether respondent's title to office may be attacked in the proceedings of the appeal from the auditor or whether the appellant has sufficient interest in the premises to entitle her to bring *quo warranto*. Any hesitancy that the court has entertained in determining the title of Judge Robertson to the office of member of the board in any proceeding to which he was not a party has thereby been removed and we feel at liberty, despite the doubts heretofore expressed as to the right of the appellant to bring *quo warranto* proceedings, to proceed to the merits.

The board of commissioners of public archives is composed of only three members. To the three members and not to a lesser number are committed the legal duties imposed by the statute. Obviously if one of the members, either by reason of absence from the Territory or otherwise, fails to attend the meetings of the board the board cannot function. Although the rule of majority obtains when all of the members are present, the presence of only a majority is not sufficient. The liability of an impasse when only a majority is present is too obvious to require comment. The temporary absence of Mr. Robertson rendered the commission impotent. (*Aikman* v. *School District,* 27 Kan. 129, 130; *Leavenworth, N. & S. Ry. Co.* v.

*Meyer,* 49 Pac. [Kan.] 89, 90; *Palmer* v. *Conway,* 22 N. H. 144, 148.)

Assuming, therefore, that Mr. Robertson was a *de jure* member of the board and that his attempted removal by the acting governor was abortive upon his departure for the mainland of the United States in the absence of statutory relief from that contingency the board would become dormant. Such a contingency had, however, been anticipated by the territorial legislature permitting the governor to appoint an acting member of any territorial board to serve during the temporary absence from the Territory of any regular member thereof and providing that such acting member during his term of service should have the same powers and duties as the regular member. (R. L. 1935, § 132.)

The power thus conferred upon the governor by section 132, R. L. 1935, could have been invoked and had the acting governor done so and appointed the respondent as an acting member of the board to serve during the temporary absence from the Territory of Mr. Robertson, the respondent during her term of office would have been clothed with the same powers and duties as the absentee and on June 20 at the time she joined in the dismissal of the appellant and on July 5 when the petition for a writ of *quo warranto* was filed, respondent unquestionably would have been a *de jure* member of the board of commissioners of public archives. But the acting governor pursued a different course. Assuming that under the terms of the commission issued to Mr. Robertson upon the occasion of his appointment his term of office was at the pleasure of the governor and that upon his request for Mr. Robertson's resignation a vacancy had occurred upon the board the acting governor invoked the authority of appointment conferred by section 80 of the Organic Act and appointed the respondent a permanent member of the

board in place of Mr. Robertson for the term of four years.

Vacancies in public office are contrary to the proper and efficient administration of business. They should not be permitted to exist longer than the discharge of a governmental authority of appointment reasonably requires. Moreover the law abhors vacancies. (*State* v. *Lutz,* 147 So. [Ala.] 429, 432; *Board of Trustees* v. *Kercheval,* 45 S. W. [2d] 846, 847.) And it is the policy of the law to fill vacancies as soon as possible after the vacancy occurs. (*State* v. *Board of Commissioners,* 145 N. W. [S. D.] 548, 549.)

Upon Mr. Robertson's departure from the Territory it immediately became the duty of the acting governor to appoint an acting member of the board to serve during Mr. Robertson's absence. And under the assumption that Mr. Robertson was a "regular" member of the board, the only power to which the acting governor could legally resort to fill the vacancy caused by Mr. Robertson's temporary absence was that conferred by section 132, R. L. 1935. The occasion giving rise only to a temporary appointment and the appointing power having made a permanent appointment, can it be said that the latter includes the former and under the circumstances the respondent during the temporary absence of Mr. Robertson and until his return was a *de jure* temporary member of the board?

The law and not the commission controls. (*State* v. *Amos,* 133 So. [Fla.] 623, 625.) The statute, and not the commission, determines the commencement and termination of the term of an officer appointed to fill a vacancy. (*Stephenson* v. *Powell,* 150 S. E. [Ga.] 641, 642.)

"When generally empowered, the executive may make a temporary appointment * * * and although the power relates merely to temporary appointments, a general appointment without reference to time is valid and renders the appointee an officer *de jure* to the extent of the period

for which the executive had power to appoint." 46 C. J., Title Officers, § 124, p. 975.

The text quoted is supported by numerous cases, the most persuasive of which is that of *Cobb* v. *Hammock*, 102 S. W. (Ark.) 382, 384. (See also *State* v. *Chapin*, 11 N. E. [Ind.] 317, 318; *People* v. *Perry*, 21 Pac. [Cal.] 423, 426; *Donovan* v. *Donovan*, 114 N. E. [Mass.] 679, 680; *People* v. *Tyrrell*, 25 Pac. [Cal.] 684; *People* v. *Lord*, 9 Mich. 226; *Stadler* v. *City of Detroit*, 13 Mich. 346.)

An analogous situation arises where the term of office fixed by statute exceeds the tenure permitted by the state constitution. In such cases if the unconstitutional portion of the Act can be stricken out and that which remains is complete in itself and capable of being executed in accordance with apparent legislative intent wholly independent of that which is rejected, the statute, to the extent to which it is constitutional, is sustained. (See *Commissioners of Sinking Fund* v. *George*, 47 S. W. [Ky.] 779, 783; *People* v. *Perry, supra; Cincinnati, N. O. T. P. Ry. Co.* v. *Cundiff*, 179 S. W. [Ky.] 615, 618.)

In *Cobb* v. *Hammock, supra,* the supreme court of Arkansas was dealing with a case which involved the appointment by the governor of the State of a probate judge to succeed an incumbent who had resigned and removed from the State. The governor issued a commission to one W. T. Hammock to fill the unexpired term of the former incumbent. The constitution of the State authorized a temporary appointment but required a special election which the governor was empowered to call to select a probate judge for the unexpired term caused by the resignation of the official who had resigned. The question then arose whether the appointment by the governor of Hammock for the full unexpired term was void because the governor merely had the right to make a temporary appointment pending the result of the special election which

it was his official duty to call. The court, in passing upon this question, said (p. 384) : "Now, since we have reached the conclusion that the Governor was empowered to issue a commission temporarily filling the vacancy until an election could be held, was the commission issued to appellee for the unexpired term valid for any purpose, and did it serve to legally put him in office so as to constitute him an officer de jure? for, if he was legally put into office, he continued legally in office until the same should be filled by election according to law. We are of the opinion that, where authority is conferred upon the executive to appoint officers for any period or length of time and he makes an appointment for a longer time or period than that authorized by law, the appointment is valid to the extent of the authority. Throop on Public Officers, § 313; People v. Tyrrell, 87 Cal. 475, 25 Pac. 684; Brower v. O'Brien, 2 Ind. 423; People v. Lord, 9 Mich. 227; Stadler v. City of Detroit, 13 Mich. 346. This is upon the principle that the greater includes the less, and that an appointment for a period longer than is authorized is good for the authorized shorter period. 'Regularly it is true,' says Lord Coke, 'that when a man doth less than the commandment or authority committed to him, then the commandment or authority not being pursued, the act is void. And when a man doth that which he is authorized to do, and more, that is good for that which is warranted, and void for the rest.' Coke on Littleton. The Supreme Court of California in the case cited above held that where the Constitution conferred upon the Governor the power to appoint only until the end of the next session of the Legislature, and he made an appointment purporting to be for the full term, it was in legal effect an appointment until the end of the next session, and that the appointee continued in office until his successor was appointed."

*People* v. *Hall*, 10 N. E. (N. Y.) 135, is an opinion of

the court of appeals of New York and is referred to with approval by the same court in *People* v. *Dooley,* 63 N. E. (N. Y.) 815, although the principal question involved in the *People* v. *Hall* case was absent in the later proceeding. The *Hall* case involved the right of Hall to the office of chamberlain of the city of Troy for the unexpired term of one Henry S. Church who had absconded and abandoned the office, but whose term of office had some three years to run. The mayor of the city was empowered by the city charter in the event of sickness or absence of an incumbent, and in case the incumbent should neglect to appoint some suitable person to discharge the duties of the office, to appoint some suitable person to be approved by the common council to discharge the duties of the office during such sickness or absence. The mayor was also authorized in case of a vacancy to nominate for the full term. He, similarly to the governor of Hawaii, possessed two distinct powers relating to the same subject, namely, the right to make a temporary appointment in the case of the temporary absence or sickness or in the event of a vacancy to nominate for the full term of the office. It was held by the court that under the facts of the case there was no authority to make a temporary appointment because Church was neither sick nor temporarily absent, hence the attempt by the mayor to temporarily appoint Hall was a nullity because the city charter conferred no such power. While the New York court properly applied the rule laid down by Lord Coke in so far as it declares that the donee of a power cannot act beyond the scope of the power conferred, in other words, that "the less does not include the greater," it failed to recognize that Lord Coke equally emphasizes the converse of the rule, namely, that the "greater includes the less." This constitutes a fundamental weakness in the opinion in the *Hall* case and to

the extent indicated we are unable to agree with it. The New York court was entirely logical when it held that the mayor of the city of Troy in the exercise of his limited authority could not make a permanent appointment of a city chamberlain for the full unexpired term of the absconding chamberlain. In other words, such appointment could not be extended into a permanent appointment. But it would have been an entirely different thing had the mayor, acting under his more extended power, appointed Hall for a period greater than that which the law authorized. In the latter case Hall could have legally occupied the office for the temporary period and the excess of the term would have been regarded as mere surplusage. This conforms not only to the doctrine enunciated by Lord Coke but is in harmony with reason and the great weight of authority.

If from the term of appointment in the instant case that part which exceeds the term of a temporary appointment is rejected, there remains a temporary appointment as a result of which the respondent during the period of Mr. Robertson's absence and until his return was a *de jure* member of the board. Hence it is that assuming, but not deciding, that the board of commissioners of public archives had sole and exclusive authority to discharge the appellant from her position as librarian of the archives, her dismissal on June 12, 1935, was had by a majority of the *de jure* members of the board and that on July 5 when the petition for writ of *quo warranto* was filed the respondent was a *de jure* member of the board.

The appeal from the auditor is therefore dismissed and the question reserved "whether the demurrer should be sustained" is answered in the affirmative.

Judgment conformable to the foregoing opinion will be entered upon presentation in the case of the appeal from the auditor. The *quo warranto* proceedings are re-

manded to the circuit judge for further proceedings consistent with this opinion.

*C. N. Tavares* (*Hewitt & Tavares* on the briefs) for appellant and petitioner.

*G. P. Kimball,* Second Deputy Attorney General (also on the brief), for the Auditor and respondent.

### DISSENTING OPINION OF PETERS, J.

I respectfully dissent upon the authority of *People* v. *Hall,* 104 N. Y. 170, 10 N. E. 135, approved and distinguished in *People* v. *Dooley,* 171 N. Y. 74, 63 N. E. 815.