## COBB *v.* HAMMOCK.

### Opinion delivered May 6, 1907.

1. OFFICER DE FACTO—COMPENSATION.—An officer *de facto* is not entitled to the compensation of the office. (Page 585.)

2. OFFICER—FILING VACANCIES.—Kirby's Digest, § 7991, providing that "in any case wherein a vacancy in any office shall occur to be filled under the provisions of the Constitution, the Governor shall have power temporarily to fill the same by granting a commission which shall expire when the person elected to fill said office at such special election shall be duly qualified," is constitutional. (Page 586.)

3. SAME—VALIDITY OF APPOINTMENT.—Where, in case of a vacancy in office, the Governor is authorized to appoint an officer to hold until a special election can be held, and he exceeds his power by appointing one to hold until the next general election, the appointment is valid to the extent of his authority, even though he fails to call the special election. (Page 588.)

4. COUNTY JUDGE—ALLOWANCE OF SALARY.—Kirby's Digest, § 7468, authorizing county and probate judges to issue quarterly warrants for their salaries does not contemplate that payments may be made in excess of amount earned. (Page 591.)

5. APPEAL—COSTS.—Where the county court erroneously allowed a full quarter's salary to the county judge when only a part of it had been earned, and the circuit court on appeal refused to set aside the allowance for the reason that when the cause was heard in the latter court a full quarter had expired, it was error to adjudge costs against the party appealing. (Page 591.)

Appeal from Cleburne Circuit Court; *E. G. Mitchell,* Judge; reversed.

Appeal to the Circuit Court of Cleburne County by W. A. Cobb and other citizens of the county from an order of the county court allowing the salary of W. T. Hammock as county and probate judge covering a period of three months. The circuit court sustained the order of allowance, and the appellants brought the case here by appeal.

*George W. Reed*, for appellant.

An officer who has served only a month and two days can not draw pay for a full quarter. The salary of county judge is based upon time of service, and not upon amount of labor performed. 176 U. S. 360; 24 Am. & Eng. Enc. of Law, p. 1015. Allowing a salary for one month and 28 days before holding office is allowing a constructive fee within the measing of section 1458, Kirby's Digest, by which it is prohibited.

McCULLOCH, J. A vacancy occurred in the office of county and probate judge of Cleburne County by reason of the resignation and removal from the State of the duly elected incumbent, and on November 25, 1905, the Governor issued a commission to appellee, W T. Hammock, to fill the unexpired term of said office. He took the oath of office on November 28, 1905, and entered upon the discharge of his duties. At the January term, 1906, of the county court an order was entered allowing the county judge the salary fixed by statute for the quarter ending January 1, 1906. Judge Hammock had then served only one month and two days, and appellants contend that the allowance of salary for a full quarter was premature, and that at most he was only entitled to the amount of salary earned at the date of the order of allowance.

The first and most serious question presented for our consideration is whether or not appellee was entitled to receive any salary at all from the county. And the determination of this question depends upon the solution of the further question whether or not appellee's appointment to the office was legal— whether he was an officer *de jure* or merely a *de facto* officer— for it is settled that one who discharges the duties of an office merely as a *de facto* officer, and who is not an officer *de jure,* can not demand compensation therefor. See *Stephens* v. *Camp-*

*bell.* 67 Ark. 484, where this question is fully discussed and decided and the authorities collated.

It must be conceded, of course, that appellee was a *de facto* officer under his commission from the Governor, but was he an officer *de jure?* Was he legally in office?

This court has decided that the proposed amendment to the Constitution conferring upon the Governor power to fill vacancies in offices by appointment for unexpired terms was not legally adopted by the people, and was therefore not operative. *Rice* v. *Palmer.* 78 Ark. 432.

Whatever doubts upon that question which may have existed theretofore were finally put at rest by that decision, and it must now be treated as the settled law of this State. We must therefore look to other parts of the Constitution and laws of the State to find lawful authority, if any there be, for the commission issued by the Governor to appellee, putting him in office.

Section 30, art. 7, of the Constitution, is as follows:

"All vacancies occurring in any office provided for in this article shall be filled by special election, save that in case of vacancies occurring in county and township offices six months, and in other offices nine months, before the next general election, such vacancies shall be filled by appointment by the Governor."

That article mentions judges of the Supreme Court, circuit and chancery courts, prosecuting attorneys, and all county and township officers. I+ is clear, therefore, that the Constitution contemplates the calling of special elections to fill vacancies in such offices for unexpired terms, and provides that such vacancies must be filled by special election.

There is, however, a temporary vacancy in the office necessarily between the date when the vacancy occurs and the filling of it by special election. Has the Governor the power to fill the temporary vacancy by an *ad interim* appointment, or must the office remain vacant until the special election can be held for the purpose of filling it for the unexpired term?

The Constitution is silent on this particular subject unless we hold that the section already quoted prohibits the filling of such vacancy by a temporary appointment. Such a construc-

tion would work considerable inconvenience by reason of the necessary delay in calling and holding special elections, and it is desirable that such inconvenience should be avoided if possible to do so under the law.

Section 69 of the general election law approved January 23, 1875, makes it the duty of the Governor to call a special election to fill a vacancy for the unexpired term in any of the offices except constable, mentioned in article 7 of the Constitution; and section 70 of the same act provides that such election shall be held within thirty days from the date of the writ of election.

No provision was made in that statute for an *ad interim* appointment to fill the vacancy until the special election could be held, but such a statute was enacted by the General Assembly at the 1877 session. It is as follows: "In any case wherein a vacancy in any office shall occur, to be filled, under the provisions of the Constitution, by a special election, the Governor shall have the power temporarily to fill the same by granting a commission which shall expire when the person elected to fill said office at such special election shall be duly qualified." Kirby's Digest, § 7991. This statute gives to the Governor the power to make a temporary appointment, unless it is in conflict with the Constitution. We do not think that the section of the Constitution already quoted, providing for special elections to fill vacancies, or any other provision of the Constitution, prohibits the Legislature from making provision for temporary appointments to fill vacancies until a special election can be held. This being true, the Legislature can exercise all the power not expressly or by fair implication prohibited by the Constitution. The silence of the Constitution leaves the power with the Legislature. *State* v. *Ashley,* 1 Ark. 513; *Eason* v. *State,* 11 Ark. 481; *State* v. *Fairchild,* 15 Ark. 619; *State* v. *Sorrells,* 15 Ark. 664; *State* v. *Crow,* 20 Ark. 210; *Baxter* v. *Brooks,* 29 Ark. 173; *Dabbs* v. *State,* 39 Ark. 353; Cooley's Const. Lim. § 205; *Wilson* v. *Clark,* 63 Kan. 505; *State* v. *Andrews,* 64 Kan. 474; *Jordan* v. *Bailey,* 37 Minn. 174.

This rule of construction applies as well to the legislative power of providing methods of filling vacancies in office as it does to other subjects. The power exists unless the Constitu-

tion forbids it.  *State* v. *Sorrells,* 15 Ark. 664; *State* v. *Crow,* 20 Ark. 210.

The Constitution of this State in existence when the decision in *State* v. *Crow, supra,* was rendered contained no provision with reference to filling vacancies in the office of sheriff, but fixed the duration of the term at two years, and declared that the office should be filled by election.  One statute then in force authorized the Governor to call a special election to fill vacancies, and another (prior) statute authorized the presiding judge of the county court, when the offices of sheriff and coroner should both become vacant at the same time, to appoint a sheriff *pro tempore,* who should give bond and act as sheriff until the "vacancy which he temporarily occupies is filled according to law."  The court held both statutes to be valid and not in conflict with each other, saying:  "Construing the two statutes together, when a vacancy occurred in the office of sheriff and coroner both, the judge of the county court, being near at hand, was authorized to make a *pro tempore* appointment of sheriff, and the appointee would act as such until the Governor could be informed of the vacancy, issue a writ of election, and cause the vacancy to be regularly filled, when the *pro tempore* appointee would cease to act."  Chief Justice ENGLISH, speaking for the court in *State* v *Sorrells, supra,* in discussing the same subject, said: "The wisdom of the provision for filling vacancies is so manifest that is should be upheld by the courts, in the absence of clear and undoubted repugnance to some clause of the Constitution."

It does not appear in the record of this case that the Governor called any special election or intended to do so.  On the contrary, the commission issued to appellee was for the unexpired term, and it is manifest that the appointment was made pursuant to the policy adopted and followed by all of the executives up to that time of treating Amendment No. 3 as legally adopted and conferring power of filling all vacancies by appointment.  This was before the decision in *Rice* v. *Palmer, supra,* declaring that the amendment had not been legally adopted.

Now, since we have reached the conclusion that the Governor was empowered to issue a commission temporarily

filling the vacancy until an election could be held, was the commission issued to appellee for the unexpired term valid for any purpose, and did it serve to legally put him in office so as to constitute him an officer *de jure?* For, if he was legally put into office, he continued legally in office until the same should be filled by election according to law.

We are of the opinion that where authority is conferred upon the executive to appoint officers for any period or length of time, and he makes an appointment for a longer time or period than that authorized by law, the appointment is valid to the extent of the authority. Throop on Public Officers, § 313; *People* v. *Tyrrell*, 87 Cal. 475; *Brower* v. *O'Brian*, 2 Ind. 423; *People* v. *Lord*, 9 Mich. 227; *Stadler* v. *Detroit*, 13 Mich. 346. This is upon the principle that the greater includes the less, and that an appointment for a period longer than is authorized is good for the authorized shorter period. "Regularly it is true," says Lord Coke, "that when a man doth less than the commandment or authority committed to him, then, the commandment or authority not being pursued, the act is void. And when a man doth that which he is authorized to do, and more, that is good for that which is warranted, and void for the rest."

The Supreme Court of California in the case cited above held that where the Constitution conferred upon the Governor the power to appoint only until the end of the next session of the Legislature, and he made an appointment purporting to be for the full term, it was in legal effect an appointment until the end of the next session, and that the appointee continued in office until his successor was appointed.

It is clearly the duty of the Governor to call a special election to fill the vacancy for the unexpired term until the next general election, and to make an appointment *pro tempore,* until the special election can be held. His failure to perform one part of his duty can not absolve him from discharge of his duty in the other respect. Nor does his failure to discharge his duty in one respect render void what he has done in the discharge of his duty in the other respect. The law does not require him to call an election before he makes the temporary appointment, and his failure to do so does not render void his

appointment temporarily filling the vacancy. The executive does not create the temporary *interim* to be filled by appointment. That is created by the occurrence of the vacancy by reason of the death, resignation or removal of the incumbent, and it ends with the election and qualification of the person who may be elected at the special election which the law makes it obligatory upon the executive to call. It is his duty to make the appointment as soon as the vacancy comes to his knowledge officially, and the appointment is valid even if he fails altogether to call the special election.

The decision of the Supreme Court of Mississippi in *Sam v. State,* 31 Miss. 840, is, we think, peculiarly applicable to the question before us. That case involved the validity of a temporary appointment made by the Governor under a statute which provided that whenever a vacancy should occur in an office at a time when the unexpired term thereof should have more than one year to run, it should be the duty of the Governor to issue a writ of election to be held on thirty days' notice to fill the vacancy, and he could make a temporary appointment to run until the special election. The Governor made a temporary appointment in June without having ordered a special election, and afterwards ordered an election to be held in November, and it was contended that the appointment was void. The court, in rendering the decision declaring the validity of the appointment, said: "Again, it is objected that the Governor has no power to make a temporary appointment until he has first issued a writ of election and fixed the day on which the election shall be held. But the statute does not in terms render the performance of the former duty dependent upon the performance of the latter. It is made the duty of the executive generally to issue a writ of election to fill the vacancy when the unexpired term shall exceed one year; and, as above shown, this duty must be performed upon his being notified of the vacancy. * * * It is certainly his duty to order a special election in good faith and without unnecessary delay; and we think that the spirit of the law and the Constitution requires that it should be ordered speedily. He may not perform his duty in this respect with proper diligence. But this does not necessarily render a temporary appointment made by him void. Nor is the fixing of

the day of election previous to making the temporary appointment necessary, in order to fix the period for which the appointee shall hold the office."

It has been urged that this construction of the law would enable the executive to override the law by filling vacancies until the next general election and by refusing to call special elections. Even if it does, that would not change the law on the subject. If such plain dereliction of duty should occur, the people are not without remedy to correct the abuse of power in another way. The court should not assume in advance that such duty will be violated by the executive, nor can we correct such an abuse of power in a co-ordinate branch of government by compelling the executive to call an election. At any rate, now that the law with reference to power of the Governor to fill vacancies has been settled by this court, it is not to be presumed that it will not be observed by the executive. But, if fears should be entertained on that score, the Legislature can repeal the statute conferring the power of appointment, or can amend the statute so as to require the calling of a special election before the Governor can exercise the power of appointment. The Legislature gave the power, and can take it away or limit it.

It follows therefore, from what we have said, that appellee was a *de jure* officer, and was entitled to the salary fixed by law.

The court erred, however, in allowing payment of salary in advance. He had only served a month and two days, and should have been paid only for that time. It was proved that it had been always the custom in Cleburne County for county and probate judges who took office on the first day of November after election to draw salary for a full quarter at the succeeding January term of the county court. Doubtless this is done in many other counties as a matter of convenience to prevent a splitting up of the quarter's salary. It is wrong, however, as the law does not authorize it. The statute authorizes county and probate judges to order the clerks of their respective county courts to issue quarterly warrants for their salaries (Kirby's Digest, § 7468). but this does not mean that payments may be made in excess of amount earned.

The circuit judge refused to set aside the allowance for the

reason that at the time the cause was heard in the circuit court a full quarter had expired, and the salary for the quarter was earned. If this was the full scope of his judgment, we would not disturb it, as in that event the error would not have been prejudicial, the county having sustained no loss. But prejudicial error was committed in rendering judgment against appellants for cost of appeal. They had the right to appeal to the circuit court from an erroneous order of the county court allowing the salary of the county judge, and the penalty of paying the cost of the appeal should not have been visited upon them because the error in the order appealed had afterwards become harmless.

For this reason only the judgment must be reversed, and the cause remanded.