STATE ex rel. ATTORNEY GENERAL v. STEVENSON.

Opinion delivered January 25, 1909.

1. OFFICES—POWER OF GOVERNOR TO FILL VACANCIES.—Kirby's Digest, § 7991, authorizing the Governor to fill a vacancy in office until a special election can be held under the provisions of the Constitution, is not in conflict with the Constitution.  (Page 32.)

2. SAME—Where a circuit judge has died, there is a vacancy in the office entitling the Governor to fill it temporarily until a regular judge is elected, even though the practicing attorneys in attendance upon the court have elected a special judge in accordance with section 21, article 7, of the Constitution.  (Page 33.)

Original proceeding by quo warranto; writ denied.

*Hal L. Norwood,* Attorney General, and *Baldy Vinson,* for plaintiff.

*Geo. W. Murphy* and *John Fletcher,* for defendant.

HILL, C. J.   The General Assembly of 1895 passed an act providing an additional judge of the Sixth Judicial Circuit, and provided that said additional judge should preside over the Second Division of the Pulaski Circuit Court, and alternate with the judge of the First Division in presiding over the circuit court in the other county composing the circuit.   The Hon. Edward W. Winfield held the additional judgeship created by this act.   On the fourth day of January, 1909, during a term of the Pulaski Circuit Court, Second Division, he announced to the practicing attorneys that he was sick and unable to hold court, and thereupon, pursuant to section 21 of article 7 of the Constitution, the practicing attorneys duly elected a special judge to preside during the illness of Judge Winfield.   Mr. John W. Blackwood was the special judge elected.

On the 13th day of January, 1909, Judge Winfield died, and the clerk of the court announced his death to the practicing attorneys in said court, who proceeded, under the authority of said section twenty-one, to elect a special judge; and Mr. Blackwood was elected and qualified, and continued to preside over said court.

Later, on the same day, the acting Governor appointed Mr. James H. Stevenson circuit judge in place of Judge Winfield, and he was commissioned and took the oath of office.   The Attorney General brings *quo warranto* against Mr. Stevenson, questioning the authority of the Governor to make the appointment.

Section 50 of article 7 of the Constitution reads: "All vacancies occurring in any office provided for in this article shall be filled by special election," with an exception not applicable here.

The General Assembly of 1887 passed the following act: "In any case wherein a vacancy in any office shall occur, to be filled, under the provisions of the Constitution, by a special election, the Governor shall have the power temporarily to fill the same by granting a commission, which shall expire when the person elected to fill said office at such special election shall be duly qualified."   Kirby's Digest, § 7991.

The constitutionality of this act was considered in *Cobb v. Hammock*, 82 Ark. 584, and the court said: "It is clear, therefore, that the Constitution contemplates the calling of special elections to fill vacancies in such offices for unexpired terms, and provides that such vacancies must be filled by special election. There is, however, a temporary vacancy in the office necessarily between the date when the vacancy occurs and the filling of it by special election. Has the Governor the power to fill the temporary vacancy by an *ad interim* appointment, or must the office remain vacant until the special election can be held for the purpose of filling it for the unexpired term?"

The court answered the question as follows: "This statute gives to the Governor the power to make a temporary appointment, unless it is in conflict with the Constitution. We do not think that the section of the Constitution already quoted, providing for special elections to fill vacancies, or any other provision of the Constitution, prohibits the Legislature from making provision for temporary appointments to fill vacancies until a special election can be held. This being true, the Legislature can exercise all the power not expressly or by fair implication prohibited by the Constitution. The silence of the Constitution leaves the power with the Legislature."

Is there a vacancy in the office of circuit judge, entitling the Governor to temporarily fill it, or is the office filled as far as intended by the Constitution by the special judge until a regular judge is elected? In other words, is the Constitution silent as to filling the office of circuit judge, so that the act of 1877 may be valid as to the office of circuit judge as well as to the other offices mentioned in article 7?

It will be noted that section 50 of the Constitution applies to all offices created by article 7, and the act of 1877 expressly applies to all offices to which section 50 refers; hence the act applies in terms, and must govern this office as well as the others unless the Constitution itself restrains its applicability. Section 21 of article 7 of the Constitution provides for the holding of circuit court by a special judge, elected by the practicing attorneys in attendance on the court, when the regular judge is disqualified, or when he fails to appear, or when he becomes sick, or when he dies. This special judge presides over the cir-

cuit court with the full power of a regular judge in the cases in which the regular judge is disqualified, or during the period when he is sick or when he dies until a regular judge qualifies. That when a circuit judge qualifies and appears he supersedes the special judge, was ruled in *Hyllis* v. *State,* 45 Ark. 478.

It was evidently the intention of the framers of the Constitution of 1874 that the appointing power should be limited. Its policy was to fill vacancies by election. It was necessary to devise machinery to make this plan work without serious inconvenience, so it was written that when the office of circuit judge should for any cause become vacant the attorneys could elect a special judge to hold court and keep the wheels of justice in motion. But the power conferred on the special judge elected by attorneys is only to preside over that particular court. He is not a circuit judge; but he is, for the time being, the judge of that particular court. When that term of court ends, by express provision of section 21 his power terminates. Until the convening of another term of court in the circuit, there is no judge of the circuit—except in the sixth circuit, where there are two circuit judges, but that is a difference of detail merely. At the convening of the next court, another special judge may be elected to hold that court, his powers terminating with its term. The office of circuit judge is itself vacant.

This provision of the Constitution provides for the partial fulfillment of the office by conferring upon the special judge full power to hold that particular court in which he is elected, and to perform all the duties that the circuit judge could perform while holding that court. But a circuit judge has other powers and other duties than those performed while holding sessions of court, such as the issuance and hearing of writs of habeas corpus, in which his jurisdiction is co-extensive with the State (Kirby's Digest, § 3834), the calling of special terms of court as provided in Kirby's Digest, § 1532, the issuance of writs prohibiting inferior courts from exceeding their criminal jurisdiction under section 2103, Kirby's Digest, the granting of change of venue in criminal cases under section 2317, the granting of stays of execution of judgments where good cause is shown under section 3224, the issuance of writs for the destruction of liquors in prohibition districts under section 5137; and he is a conservator of the

peace within his circuit, under section 13, article 7, of the Constitution. There are other powers of a circuit judge which may be exercised by him when not holding court, and which could not be exercised by a special judge, than those above enumerated, but these are sufficient to illustrate the point. All the duties of a circuit judge are not performed while holding the circuit court, while the power of a special judge is limited to holding court. The powers of a judge in vacation, or at chambers, can not from their nature attach to a special judge solely authorized to preside over a session of court.

It therefore follows that a vacancy in the office of circuit judge is not filled by the election of a special judge to preside over the circuit court. It is undoubtedly true that the chief function of a circuit judge is filled by the election of a special judge; but these other duties and powers of the judge are left vacant. The Constitution intended that the courts should be kept in motion by special judges; but the Constitution is as silent as to filling the office of circuit judge as it is of county judge, and the machinery devised for keeping the sessions of the courts from failing does not provide for filling the vacancy in the office itself.

The fact of the Constitution having merely provided to keep the circuit courts going by special judges can not be construed to be a constitutional declaration that the office should not be filled temporarily; and, unless expressly forbidden, the Legislature can provide for filling this office temporarily as well as the other offices. This being true, it necessarily follows that there is a vacancy in the office of circuit judge, and the act of 1877 applies, and the Governor had the power to make the temporary appointment of a circuit judge to hold the office until the same could be filled by special election, which it is made the duty of the Governor to call, under section 2691, Sandels & Hill's Digest.

It follows from these views that the petition for quo warranto should be dismissed, and it is so ordered.

McCULLOCH, J., (dissenting). We endeavored to make it plain in the case of Cobb v. Hammock, 82 Ark. 584, that it is only the absolute silence of the Constitution on the subject which left it open to the Legislature to empower the Governor of the State to temporarily fill vacancies in offices until special elections

can be held. We reached this conclusion on consideration of the familiar principle that the Constitution of the State is a limitation upon the powers of the Legislature, rather than a grant of powers to it, and that as during the interim between the happening of a vacancy and the filling of it by special election, as required by the Constitution, great inconvenience might result if there should be no one to discharge the duties of the office, the Legislature possessed the power to provide a method of filling a vacancy during this interim because the Constitution did not forbid. But the Constitution is not silent as to the discharge of the duties of circuit judge during such interim. It provides that "whenever the office of judge of the circuit court of any county is vacant at the commencement of a term of such court, * * *; and if the judge of said court shall become sick or die or unable to continue to hold such court after its term shall have commenced," etc., then the regular practicing attorneys in attendance may elect a judge to preside at such court. Article 7, section 21. This is a complete scheme for keeping the circuit courts in session and for providing judges to hold them, notwithstanding the fact that the office of circuit judge of the district may be temporarily vacant. I think this constitutional scheme is exclusive, and that the Legislature is powerless to provide a conflicting method. The Constitution says that if a circuit judge shall die or resign the attorneys in attendance at each term of the court shall elect a judge to preside during the term or the remainder of the term. The Legislature can not displace this provision by one to the effect that the Governor may appoint a judge, for to allow that would be to place the mandate of the Legislature above the Constitution. It may be conceded that the election of a special judge by the attorneys to preside during a term of court does not fill the office of circuit judge of the district, and that there are other duties of the office to be performed besides presiding over the court while in session, but it is manifest that this is all of the duties of the office which the framers of the Constitution intended should be performed by a temporary occupant during the short space of time necessary for the holding of a special election to fill the vacancy. They provided for the pressing and obviously essential things required of a circuit judge—that is, the keeping of the court open according to law—

and left the other less pressing duties which might devolve upon a circuit judge in vacation to await the incumbent selected by the people at the special election.

The framers of the Constitution of 1874 were jealous of the power theretofore exercised by the Governor in appointing officers, and they manifestly intended to minimize that power by lodging it elsewhere, as far as it could be done conveniently to public service.   I can not believe for a moment, in the face of the provision hereinbefore referred to, that they intended to leave it within the power of the Legislature to authorize the Governor to appoint a circuit judge.   They never intended to deal with the subject by piecemeal by providing for the election by the attorneys of a judge to hold the court and at the same time leaving it open to the Legislature to provide another method of filling the vacancy.

Mr. Justice HART concurs herein.