## JEWETT v. McCONNELL.

### Opinion delivered April 6, 1914.

1. OFFICERS—RIGHT OF DE JURE OFFICER TO ACT.—Where there is a dispute as to the right of two officers to act, the *de jure* officer is the rightful incumbent of the office, for there can not be a *de facto* officer if a *de jure* officer is discharging the functions of the office in question. (Page 293.)

2. COUNTY JUDGE—TERM OF OFFICE—EXPIRATION.—Under the Constitution of 1874, the term of office of a county judge expires on October 30, and an order made by him on October 31, after his successor has assumed the office, is invalid. (Page 296.)

3. MANDAMUS—ORDER OF COUNTY JUDGE AFTER EXPIRATION OF TERM OF OFFICE.—The county clerk can not be compelled by mandamus to enter an order of a county judge, made the day after the expiration of his term of office. (Page 296.)

Appeal from Sebastian Circuit Court; *Daniel Hon,* Judge, affirmed.

*Ira D. Oglesby,* for appellant.

When first elected, Harp qualified on October 31, and entered upon the discharge of his duties on November 1. Upon re-election, he qualified in the afternoon of October 31. His first term could not have expired before midnight of that day, and likewise, his second term did not expire until midnight of October 31, 1912. Constitution 1874, Schedule, § § 17, 20, 24, 26 and 29; 13 Ark. 654; 10 Ark. 497; 33 Ark. 421; 52 Ark. 265; 81 Ark. 258; 73 Ark. 418; 61 Ind. 584; 15 Peters (U. S.) 141; 18 Wall. (U. S.) 112.

*Pryor & Miles,* for appellee.

The Constitution, art. 7, § 29, provides: "The judge of the county court shall be elected by the qualified electors of the county *for the term of two years.*" This differs materially from the provisions of the Constitution, art. 6, § 7, fixing the term of office of judges of the Supreme Court, to which the case of *Best* v. *Doe,* 18 Wall. (U. S.) 112, relied on by appellant, might be applicable, but that opinion also says, "The word *from* always excludes the day of date. 1 Pars. N. & B. 385, and the authorities therein cited."

Judge Harp, having qualified and assumed the duties of his office "for the term of two years," on October 31, 1908, and again on October 31, 1910, can not be heard to say that on October 31, 1912, his second term had not expired. Cases cited by appellant are not in point and do not apply to the language of the Constitution fixing a

county judge's term of office. 23 Am. & Eng. Enc. of L., 417; *Id.* 409; 29 Cyc. 1396.

McCULLOCH, C. J. Appellant presented his petition to the circuit court of Sebastian County, Fort Smith District, praying for a writ of peremptory mandamus to compel appellee, as clerk of the county court, to enter of record a certain order of said county court in which he (appellant) is interested, pronounced on October 31, 1912, by Jesse A. Harp, who, it is alleged, was then the duly acting judge of said county court:

Appellee responded to the petition, denying that any such order had been pronounced by the county court, and alleged that the term of office of said Jesse A. Harp had expired, and that his successor, Ezra Hester, had taken the oath of office and was the duly acting county judge.

The circuit court denied the prayer of the petition, and an appeal has been duly prosecuted.

Jesse A. Harp was elected county judge of Sebastian County at the general election in 1910, a commission was issued to him dated October 31, 1910, and he took the oath on the last named date and entered upon the discharge of the duties of the office.

At the general election of 1912, Ezra Hester was elected county judge of Sebastian County, his commission, as such was issued to him on October 31, 1912, and on that date, at 7:30 o'clock a. m., he took the oath and entered upon the discharge of the duties of the office.

The order in controversy was pronounced by Jesse A. Harp, assuming to act as county judge, later during that day.

Both parties were claiming the right to act as county judge during that day under circumstances which made the validity of their respective acts depend upon their legal right to discharge the duties of the office. The *de jure* officer was, in other words, the rightful incumbent, for "there can not be a *de facto* officer if a *de jure* officer is discharging the functions of the office in question." 29 Cyc. 1391.

The question in this case is, therefore, whether Jesse A. Harp had the right to exercise the functions of the office on that day.

The Constitution provides that county judges shall be elected by the qualified electors of their respective counties "for the term of two years," the date of the beginning of the term not being specified. Constitution 1874, art. 7, § 29. The framers of the Constitution of 1874 provided a method for submitting it at an election by the people of the State for adoption or rejection, and for declaring the result of the election. A State board of supervisors was appointed to conduct the election and declare the result, and it was provided in the schedule that the State board of supervisors should, if it was ascertained that a majority of all votes cast were in favor of the Constitution, "at once make public that fact by publication in two or more of the leading newspapers published in the city of Little Rock, and this Constitution, from that date, shall be in force." Section 17 of the Schedule to Constitution 1874.

The offices created by the Constitution were filled by election at the time of the election held for the adoption of the Constitution. That election was held on October 13, 1874, and the proclamation of the State board of supervisors, declaring the adoption of the Constitution, bears date of October 30, 1874. It was also provided that the State board of supervisors should make "an abstract of all votes cast for every candidate voted for at the election, and file the same in the office of the Secretary of State, showing the candidates elected," and that "all officers elected under this Constitution, except the Governor, Secretary of State, Auditor of State, Treasurer, Attorney General and Commissioner of State Lands, shall enter upon the duties of their several offices when they shall have been declared duly elected by said State board of supervisors and shall have duly qualified." Section 20 of the Schedule to the Constitution 1874.

Therefore, the terms of offices created by the Constitution necessarily began on the date the result of the

election to fill those offices was officially declared. Where the Constitution has thus provided a method for fixing a date on which terms of office shall begin, the person elected to fill the office can not postpone the date of the beginning of the term by delay in taking office and assuming the duties. Throop on Public Officers, § 314; *Haight* v. *Love,* 39 N. J. Law 14 and 476. "The true rule is," says the Supreme Court of New Jersey in the case just cited, "that as soon as an appointee is authorized by his own action to legally assume the duties of his office, then his term should be regarded as begun, unless some other period is clearly fixed by the proper authority." The New Jersey Court of Errors and Appeals (39 N. J. Law 476), in affirming the judgment of the Supreme Court, said:

"No date being expressly fixed for the commencement of the new term, it must be governed by some general principle applicable to it. It is apparent that if his term did not begin to run until he was qualified, he could, in the absence of any restraining legislation, have prolonged his prior term indefinitely by his own neglect to qualify. Public policy would forbid the adoption of a rule under which such a result is possible. It would make the beginning of an official term to depend upon the will of the appointee, instead of that of the appointing power, and thus enable him to enlarge the term of his predecessor without shortening his own, or, where he was his own successor, he would be the constant gainer by his continued neglect to qualify. * * * The beginning of a term of office ought not to be left to the will of the officer himself. If not fixed by law, it must begin as soon as he can, by his own act, enter upon it."

The records in the office of the Secretary of State do not reveal, so far as we can ascertain, the date of publication of the proclamation of the board in the newspapers, nor can we find any record there of the abstract of the vote for candidates voted for at the election showing the candidates elected.

Therefore, the best and only available evidence of the proclamation of the State board, the date of their publication thereof, and the filing of the abstract of votes in the office of the Secretary of State, is the published proclamation dated October 30, 1874. That date must, therefore, be treated as the date on which the present Constitution went into effect, and the next succeeding day, October 31, 1874, was the earliest date on which the Governor was authorized to issue commissions. It is a part of the history of the State, and it is shown by the records in the office of the Secretary of State, that, for the past twenty or twenty-five years, at least, the Governor has issued commissions to officers elected at the biennial general elections on a uniform date, namely, the 31st day of October, and we indulge the presumption that this method was adopted upon the ascertainment of the true date of the filing of the abstract of the votes in the office of the Secretary of State by the State board of supervisors, and that this date was correctly ascertained by the Governor in determining the date for issuing commissions for the terms of officers elected at general elections. Accepting that as the true date for the issuance of commissions and qualification of officers thereunder, it follows that terms of elective officers begin on that date, and the term of the office of county judge runs for a period of two years.

Appellant concedes that the term of Judge Harp began on October 31, 1910, but, strangely enough, insists that it did not end until midnight on October 31, 1912.

If it began on October 31, 1910, it necessarily ended with the close of the day on October 30, 1912; otherwise the term would have extended one day beyond the period of two years fixed by the Constitution. One of the days must be excluded in order to limit the term to two years.

Counsel for appellant rely upon the case of Best v. Polk, 18 Wall. 112, in which the Supreme Court of the United States held that, where an officer was commissioned to act "during the term of four years from the second day of March, 1845," the use of the word "from" excludes the day of the date of the commission, and that

the officer continued to rightfully hold through the second day of March, 1849.

That decision has no application to this case, for the language of our Constitution with respect to the term of the county judge is different from the language creating the term of office dealt with in the decision referred to. That case might be applicable in fixing the date of the beginning of the term of judges of this court, as the Constitution (art. 7, § 6), provides that the judges of the Supreme Court "shall hold their offices during the term of eight years *from* the date of their commissions.

Counsel also rely upon the case of *Wilmans* v. *Bordwell,* 73 Ark. 418, where it was said in the opinion of the court that a prohibition order entered on January 11, 1901, would continue in force until midnight, January 11, 1903.

The precise date of the expiration of the prohibition order, that is, as between the dates of the 10th and 11th of January, 1903, was not made as a material point in that case. The petition for revocation was filed on the 9th, which was in any event prior to the expiration of the prohibition order, and the point dealt with in the case was whether the prematurity of the petition defeated the jurisdiction of the court to entertain it on a subsequent date.

Besides, the statute bearing on the question involved in that case was different from this, in that it provided that the prohibition order should run "thereafter for a period of two years."

In the case of *Aven* v. *Wilson,* 61 Ark. 287, this court recognized, though not expressly deciding, that October 30 was the date of the expiration of the term of a county judge, and October 31 the date of the beginning of the new term on which the newly elected officer should qualify and enter upon the discharge of the duties of the office. That case involved the validity of an order of the new county judge made, as shown by the statement of facts in the opinion, on October 31, 1892, setting aside a judgment rendered by his predecessor. Neither the distin-

guished counsel in the case nor the judges who wrote the majority and dissenting opinions noticed the point, and seem to have conceded that the new county judge had the legal right to exercise the functions of the office on that day. The question debated was whether or not the order so made on that day was one which the county court had the power to make at that time.

In the case of *Smith* v. *Askew*, 48 Ark. 82, which was decided not a great many years after the adoption of the Constitution of 1874, the court also seems to have had it in mind that October 30 was the uniform date for the expiration of terms of office created by the Constitution.

Our conclusion is that Judge Harp was not entitled to exercise the functions of the office on October 31, 1912, that his successor had taken office and rightfully assumed the exercise of the functions thereof, and that the circuit court was correct in refusing to grant a mandamus to compel the clerk to enter the order in question.

Affirmed.