## STATE *ex rel.* WOOD *v.* COTHAM.

### Opinion delivered December 21, 1914.

1. CIRCUIT COURTS—NEW JUDICIAL CIRCUITS—CREATION—VACANCY.—The creation of a new judicial circuit causes a vacancy to exist in the office of judge of that circuit.

2. CIRCUIT JUDGES—TENURE OF OFFICE—FILLING VACANCIES.—The tenure of office of a circuit judge, and the method of filling a vacancy is unalterably fixed by the Constitution.

3. CIRCUIT COURTS—JUDGES—TERM OF OFFICE.—Under art. 7, § 17, Const. of 1874, terms of elective offices created by the Constitution began on the date the result of the election to fill those offices was officially declared, which was October 31, 1874, and the terms end in regular cycles of the periods named by the Constitution as the duration of the respective terms.

4. CIRCUIT COURTS—JUDGES—ELECTION—TENURE OF OFFICE.—Where a vacancy occurred in the office of a circuit judge more than nine months before the next succeeding general election, an appointment by the Governor would run temporarily until a special election should be held.

5. CIRCUIT COURTS—ELECTION OF JUDGE—TERM OF OFFICE.—When a new judicial circuit is created there is evolved into operation the office of circuit judge with an unexpired term ending with the period prescribed in the Constitution for the ending of the terms of the other circuit judges in the State.

6. CIRCUIT JUDGES—TERM OF OFFICE—ELECTION.—The provision in art. 7, § 17, Const. 1874, that "judges of the circuit court shall be elected by the qualified electors of the several circuits and hold their office for the term of four years," refers, not to any election held by the people, but to the election held at the expiration of the term prescribed by the Constitution. The term of circuit judge began on October 31, 1874, and ends in regular cycles of four years.

7. CIRCUIT JUDGES—TERM OF OFFICE.—The Eighteenth Judicial Circuit was created by an act of the General Assembly, Act 114, Acts 1911; *held*, that thereupon a vacancy resulted in the office of circuit judge for the unexpired term ending on October 30, 1914.

*Quo warranto;* judgment of ouster against the respondent.

*Mehaffy, Reid & Mehaffy,* for relator.

1.   The question involved here depends upon the construction which should be placed upon the provisions of sections 17 and 50 of article 7, Constitution of 1874. Did the framers of the Constitution mean to fix a term of four years to begin at the time the first judges should be declared elected, with successive terms of four years each, or did they intend that upon the happening of a vacancy for any cause, a new full term was to commence. This court is committed to the former construction.   15 Ark. 664; 48 Ark. 82.

Since in every instance where article 7 of the Constitution provides for "terms" of office, it fixes each term at a certain number of years, definitely fixes the time for each term to begin, and nothing is said about the length of time that an officer elected or appointed to fill a vacancy, shall hold, it was manifestly the intention to create a certain fixed term of office irrespective of the person of the incumbent.   165 S. W. 954; 13 Cyc. 1398; 23 Am. & Eng. Enc. of L. 418; 6 Now. (Miss.) 582; 100 Ky. 66; 37 S. W. 266; 38 S. W. 132; 104 N. W. 197; 138 Ky. 313; 127 S. W. 1010; 99 Mo. 361; 12 S. W. 895; 222 Mo. 268; 17 Ann. Cas. 1006; 121 S. W. 64; 84 Pac. 488; 6 L. R. A. (N. S.) 750.

2.   Upon the creation of the Eighteenth Judicial Circuit, there was a vacancy in the office of circuit judge of that circuit.   111 Pac. 188; 126 Pac. 806; 16 Idaho 266; 100 Pac. 1060; 41 Mont. 377; 11 Am. Rep. 415; 10 Ore. 230; 123 Ky. 601; 96 S. W. 865; 85 S. W. 901.

This court is committed to the construction that the word "vacancy," as used in section 50, article 7, refers to the term, so that one elected to fill a vacancy holds only the unexpired portion of the term of his predecessor.   85 S. W. 901; 6 How. 582; 6 Nev. 276; 11 Col. App. 404; 53 Pac. 236; 36 La. Ann. 836; 70 Ga. 390.

3.   The words, "next general election," in section 50 should be construed to mean the next general election to

fill offices of the class to which the vacancy belongs; otherwise, an appointment by the Governor to fill a vacancy, would fill the office, in some cases, for several years, because the appointee would hold for the remainder of the term.   78 Ark. 494-501; 54 N. W. 606; 57 N. W. 495; 30 Fla. 579; 11 So. 922; 35 Mont. 523; 10 Am. & Eng. Ann. Cas. 1138, note 1140; 64 Kan. 247; 68 Pac. 633.

*John T. Castle* and *Moore, Smith & Moore,* for respondent.

1.   This court is not committed to any doctrine adverse to the position of the respondent.   The question involved here was not involved in either the *Sorrels* case, 15 Ark. 664, nor the *Askew* case, 48 Ark. 82, relied on by relator.

The question in this case is not whether respondent is entitled to fill an unexpired term, but when did the first regular term of judge of the Eighteenth Circuit begin?

The term "vacancy" does not always imply an unexpired term.   There may be a vacancy entirely disconnected from any unexpired term.   88 N. E. 743; 103 S. W. (Mo.) 144.   Under the Constitution, the first regular term of judge of the Eighteenth Circuit was properly filled at the biennial election of 1912, and began to run for the full four-year period from October 31, 1912.

2.   Circuit judges must be elected at general elections, which are to be held biennially in September, and ending in regular cycles of four years.   112 Ark. 291; 165 S. W. 954.

The general election act passed by the Legislature of 1875 shows that it did not construe the Constitution of 1874 to require all circuit judges to be elected in the same year.

3.   Under the Constitution of 1874, upon the creation of a new circuit, the temporary *interim* or vacancy in the office ends at the next general biennial election taking place after the creation of the circuit, and the full term begins to run upon the qualification of the party elected at such biennial election.

The next general election for the full constitutional term of his successor, is the next election in point of time, without regard to the time of the election at which the office would have been filled had there been no vacancy. 112 Pac. 588; 141 N. W. 377; 33 Atl. 373; 113 N. W. 192; 47 N. W. 704; 31 N. W. 788; 132 N. W. 677; 36 S. W. 987; 65 Pac. 705; 13 Kan. 367; 56 Pac. 1017.

McCULLOCH, C. J.   The Eighteenth Judicial Circuit was created by an act of the General Assembly of 1911, Act 114, p. 78, which contained the following provisions concerning the appointment of a judge and a prosecuting attorney:

"Sec. 3.   That the Governor shall appoint a circuit judge to preside over and a prosecuting attorney for the Eighteenth Judicial Circuit, who shall hold their respective offices until their successors shall be elected and qualified, in conformity with the provisions of the general laws of the State of Arkansas applicable thereto; such circuit judge and prosecuting attorney shall be residents of said circuit, shall possess all the qualifications required by law of circuit judges and prosecuting attorneys and shall perform all the duties required by law of circuit judges and prosecuting attorneys."

The respondent, Calvin T. Cotham, was commissioned by the Governor to fill the office of circuit judge, his commission, according to the express language thereof, being made to run until the next succeeding general election.   At the general election in September, 1912, he submitted his name to the voters of the district as a candidate for that office, and was elected.   His claim is that his election at that time was for a full term of four years from the date of his election, or rather from October 31, 1912, the date on which he was commissioned pursuant to the election.   At the general election in September, 1914, an election was held for the office of judge of the circuit, and the relator, Scott Wood, received the highest number of votes cast, and has been duly commissioned by the Governor.   He claims that the tenure of Judge Cotham ended on October 30, 1914, the day on

which the terms of the other circuit judges of the State ended, and he has filed his petition in this court against Judge Cotham for a writ of *quo warranto* to determine by what authority the latter assumes to exercise the functions of the office of judge of that circuit.

(1) It is conceded by learned counsel on both sides that the creation of the new judicial circuit caused a vacancy to exist, within the meaning of the Constitution, in the office of judge of that circuit. This court has so decided. *State* ex rel. *Smith* v. *Askew,* 48 Ark. 82.

(2) It will be noted that the Legislature authorized only a temporary filling of that vacancy by executive appointment, and left the succession to be supplied in conformity to existing laws without attempting to define or to reiterate them. The lawmakers could not have done otherwise, for the tenure of office and the method of filling a vacancy in unalterably fixed by the Constitution. *Cobb* v. *Hammock,* 82 Ark. 584; *State* ex rel. *Attorney General* v. *Stevenson,* 89 Ark. 31.

(3) The Constitution of 1874 (section 17, article 7) provides that "the judges of the circuit courts shall be elected by the qualified electors of the several circuits and shall hold their offices for the term of four years." Terms of elective offices created by the Constitution began on the date the result of the election to fill those offices was officially declared, which was October 31, 1874, and the terms end in regular cycles of the periods named by the Constitution as duration of respective terms. *Smith* v. *Askew; supra; Jewett* v. *McConnell,* 112 Ark. 291, 165 S. W. 954.

Section 50, article 7, of the Constitution of 1874, reads as follows: "All vacancies occurring in any office, provided for in this article shall be filled by special election save that in case of vacancies occurring in county and township offices six months, and in other offices nine month, before the next general election; such vacancies shall be filled by appointment by the Governor."

(4) In the instance now under consideration, the vacancy occurred more than nine months before the next

succeeding general election and the appointment by the Governor ran temporarily until a special election should be held. If the vacancy had occurred within nine months before the next general election, the question would have been presented whether the appointment ran to the end of the term of the office or merely to the next succeeding general election; but no such question is presented in this case. No election was held prior to the general biennial election of 1912, when Judge Cotham was elected. It was proper, therefore, for an election of circuit judge to be held at that time—none having been previously held— but the question of the tenure to follow from that election is presented now for our determination. What we have to decide is whether the vacancy in the office of judge brought about by the creation of the new circuit was for an unexpired term which ended coincident with the expiration of the term of the other circuit judges of the State, as contended by the relator, or whether, as contended by the respondent, a full term began with the first general election (1912) after the creation of the new circuit.

(5) The argument of learned counsel for the respondent, as we interpret it, is that a vacancy in the office does not necessarily imply the interruption of a fixed term, leaving an unexpired portion thereof, but that a full term for the constitutional period springs into being with the creation of a new office unless limited by the Constitution itself. The result sought to be adduced from this predicate is that a full term began at the time for commissioning officers elected at the first regular biennial election after the creation of the office, and that an *interim* occurred from the creation of the district until that time, which could be and was in this instance filled by an appointment by the Governor. The position is untenable and one which we think is inconsistent with the argument made, for if, as contended, a full term sprang into being by the creation of the office, it began at once and ran for the full term of four years. This, however, is directly in conflict with the decision of the court in *Smith* v. *Askew,*

*supra,* where it was held that the office was created by the Constitution, and not by the Legislature, and that a full term did not begin to run from the first election. In that case the court thoroughly committed itself to the doctrine of convenience in uniformity in the election of officers, and while the facts of that case were slightly different from the facts in the present case, it necessarily results from that decision that upon the creation of a new circuit there is evolved into operation the office of circuit judge with an unexpired term ending with the period prescribed in the Constitution for the ending of the terms of other circuit judges in the State. Indeed, the facts in the case of *Smith* v. *Askew* were not materially different from those in this case. The new circuit was, in that case, created by an act of the General Assembly of 1883, and the act contained a provision for the election of a judge of the circuit at a special election on a day named, and contained the further provision that "the terms of office of said officers shall expire at the same time that the terms of office of other circuit judges and prosecuting attorneys expire." Judge Askew was elected at the special election pursuant to the terms of the statute, and held office until the regular election of 1886, when Judge Smith was elected, and, thereafter, on October 31, 1886, was commissioned for a full term of four years. The contention on behalf of Judge Askew was that his election was for a full term of four years from the time he was elected in June, 1883, and that he held over from the expiration of that term until his successor could be elected at the biennial election of 1888. He did not submit himself for re-election, as did Judge Cotham, at the first biennial election succeeding the creation of the district. But that is immaterial, for the election of Judge Askew put him in office for the unexpired term, if there was one. There is no intimation in the opinion in that case that the regular full term began with the election of 1884, expiring at the election of 1888, and that the election of Judge Smith in 1886 was to fill an unexpired portion of the term. The clear inference, on the contrary, is that Judge Smith was

regularly elected for the full term, and it is a part of the judicial history of the State that that interpretation has ever since then been placed upon it, and the incumbent of the office of judge in that circuit has been regularly elected for a full term in cycles of four years running from the election of Judge Smith in 1886.

We are not, however, forced to mere inferences as to what the court meant to decide in *Smith* v. *Askew,* but the views here announced are in accord with the express language of the opinion itself. After quoting the statute, which specified that "the terms of office of said officers shall expire at the same time that the terms of office of other circuit judges and prosecuting attorneys expire," the court said: "However, we lay no stress upon this legislative declaration, further than as it shows what the General Assembly understood what the Constitution meant. For, the term of office of circuit judge being, as we have seen, fixed by the organic law, and beyond the control of the Legislature, no enactment that they might indulge in would cause the term to end a day sooner or a day later. All that portion of the third section of the act above quoted, which prescribes the duration of the term, and the time when the office is to be filled by a second election, may therefore be stricken out as superfluous, these matters being regulated by the Constitution and general laws of the State."

In *McMahan* v. *State,* 102 Ark. 12, we also declared that the policy of uniformity in terms of office is favored by our statutes.

(6) The provision in section 17, article 7, of the Constitution that "Judges of the circuit court shall be elected by the qualified electors of the several circuits, and hold their office for the term of four years" refers, not to *any* election held by the people, but to the election held at the expiration of the term prescribed by the Constitution. And, as we have already seen, the term for circuit judges began on October 31, 1874, and ends in regular cycles of four years.

(7) It follows, therefore, from what we have said, that upon the creation of the Eighteenth Judicial Circuit there resulted a vacancy in the office of circuit judge for an unexpired term ending on October 31, 1914, and that relator has been duly elected and commissioned for a full term beginning on the expiration of that unexpired term. He is entitled to the office, and a judgment of ouster will be rendered against the respondent. It is so ordered.

WOOD, J., not participating.

SMITH, J., dissents.