The Honorable Stephen Choate Circuit Judge P. O. Box 3698 Batesville, AR 72501
Dear Judge Choate:
You have requested an Opinion regarding whether the Arkansas General Assembly can, when creating a new circuit judgeship, direct that an appointment to that position by the Governor be for four years. Specifically you ask whether Amendment 29 requires an election in 1988 for such a position created and effective in 1987.
Amendment 29 1 to the Arkansas Constitution of 1874 provides, in pertinent part:
 Vacancies in the Office of United States Senator, and in all elective . . . circuit offices . . . shall be filled by appointment by the Governor.
Section Four states that the appointee shall serve during the entire unexpired term in the office if such office would in regular course be filled at the next general election if no vacancy had occurred. A procedure is also outlined for filling the Office if it would not be filled in regular course at the next general election.
Article 7, 17 of Arkansas' Constitution mandates that circuit judges shall hold their offices for a term of four years.
Currently, all circuit judges are elected simultaneously around the State for four-year terms. See, State ex. rel. Wood v. Cotham, 116 Ark. 36, 172 S.W. 260 (1914).
Arkansas case law does address whether creation of a new office (judgeship) creates a "vacancy" for purposes of Amendment 29.
In Stafford v. Cook, 159 Ark. 438, 252 S.W. 597 (1923), a case decided prior to passage of Amendment 29, the Arkansas Supreme Court held a "vacancy in office" means the absence of an incumbent of the office who has legally been inducted into it.
Later, in State v. Green and Rock, 206 Ark. 361, 175 S.W.2d 575
(1943), Act 290 of 1943 was at issue. This Act created emergency judgeships in districts where circuit judges had entered the armed forces in World War II. In dictum, the Court found "(T)he words vacancies in the office of . . . as they're used (in Amendment 29) refers to offices which on account of death, resignation, removal or abandonment of the previous holder thereof, or for some other cause, have in fact no incumbent".
An interesting fact situation provided the basis for decision in Justice v. Campbell, 241 Ark. 802, 410 S.W.2d 601 (1967). There, Campbell assumed the County Judgeship of Pulaski County January 1, 1965, the term of office to expire January 1, 1967. Tom Gulley was elected to that Office at the general election in 1966 for a term to begin January 1, 1967, but he died before taking office. Mr. Justice was then appointed to the 1967 term, which Campbell contested on the holdover provisions of Art. 19, 5 of the Constitution. Justice conversely relied on Ark. Stat. Ann. 12-113 and Amendment 29, 1.
The Court cited State v. Green and Rock, supra, for the proposition that vacancies occur when no incumbent is able to hold office.
"An incumbent", the Court said at 602, "is one who is in present possession of an Office . . . (and) one who is legally authorized to discharge the duties of that office."
The Court held in favor of Judge Campbell since Mr. Gulley had never physically held office. It reasoned no vacancy existed because no incumbent vacated the office. However, the Court cited with approval Smith v. Askew, 48 Ark. 82, 2 S.W. 349 (1886).
In Smith, supra, the Court was asked to determine by what authority Askew sat as Circuit Judge of the 13th Circuit.
Askew was elected Judge of the 13th Judicial District in 1883 for a term to begin in 1884 and to run for four years. Smith was elected to the same office in 1886. The Act creating the 13th District was contradictory providing both that the circuit judge of the district be elected "in the same manner" as others — but that the term end "at the next general election." Interpreted literally, Askew's term would have ended October, 1886 and his successor chosen in September, 1888. The Court held the Legislature possessed no authority to enlarge or shorten a constitutionally defined term of office. The issue presented then, as the Court perceived it, was whether when the Legislature created the 13th Circuit, they created a vacancy to be filled pursuant to Art. 7, 50. The Court queried:
Can a vacancy occur in an office which has never been filled?
Then it responded at page 89:
 (V)acancy is the state of being empty or unfilled . . . a vacant office is an office without an incumbent; and IT CAN MAKE NO DIFFERENCE WHETHER THE OFFICE BE A NEW ONE OR AN OLD ONE. An old office is vacated by death, resignation or removal. AN OFFICE NEWLY CREATED BECOMES IPSO FACTO VACANT IN ITS CREATION. (Citation omitted.) (Emphasis added.)
The Court later noted that the Constitution actually creates the office of circuit judge, but a judgeship of any specific circuit is put into operation by the General Assembly. It found:
 (T)he vacancy in the office flowed as a natural consequence from the act of creating, giving shape to, and moulding the circuit. State v. Floyd, 9 Ark. 313.
Id. at 93-94.
The holding of Arkansas' Supreme Court is in accordance with that of at least eight other states. See 67 C.J.S. Officers 75, fn. 25.
While the Smith case was not decided pursuant to Amendment 29, but rather Art. 7, 50, it is not irreconcilably in conflict with the Amendment nor has its ruling been overturned or modified during subsequent years. Indeed, the case is cited with approval in Means v. Terral, 145 Ark. 443, 446 (1920), Matheny v. Independence County, 169 Ark. 925, 929 (1925), Howell v. Howell, 213 Ark. 298,312, 208 S.W.2d 22 (1948), and Burris v. Britt, 281 Ark. 225, 227,663 S.W.2d 715 (1984).
The Howell case, supra, was decided after passage Amendment 29 and stands for the identical principle of Smith, supra, i.e., that the creation of an office creates a vacancy.
Based on the foregoing precedent, it is my opinion that if the Legislature creates a new circuit judgeship, the position will be subject to Amendment 29 and an election should be held for that position in 1988.
The foregoing opinion, which I hereby approve, was prepared by Special Counsel to the Attorney General R.B. Friedlander.