The Honorable Will Feland Prosecuting Attorney Seventeenth West Judicial District P.O. Box 423 Lonoke AR 72086
Dear Mr. Feland:
This is in response to your request for a follow-up opinion to Opinion No. 89-013. That opinion dealt with the issue of the residence of a constable-elect as it affected his eligibility to hold office and whether, if he was ineligible, the incumbent constable remained in office. You indicate now that the constable-elect did in fact remain in the township and residence is therefore not in issue. You inquire now as to whether the fact that the constable-elect was not sworn in until January 27 precludes him from holding office as constable. This is the only issue for resolution, as you have indicated that I am to assume for purposes of analysis that all other qualifications had been met at the time of swearing in.
For the reasons that follow, it is my opinion that if the constable-elect was not sworn in before January 1, he is ineligible to hold the office of constable, and that the incumbent constable should hold office until his successor is duly elected and qualified.
The question for resolution is as follows: What is the deadline for a constable to be sworn in? Initial consideration of this question must begin with the Arkansas Constitution, Art. 19, 20, which provides:
 Senators and Representatives and all judicial and executive, State and county officers, and all other officers, both civil and military, BEFORE ENTERING ON THE DUTIES OF THEIR RESPECTIVE OFFICES shall take and subscribe to the following oath of affirmation: "I, ___________, do solemnly swear (or affirm) that I will support the Constitution of the United States and the Constitution of the State of Arkansas, and that I will faithfully discharge the duties of office of ____________, upon which I am now about to enter." (Emphasis added.)
As can be seen from the provision above, the constable must be sworn in before entering the duties of the office. See also A.C.A. 14-14-1304. When must he enter the duties of his office? Resolution of this question is governed in part by the provisions of the Arkansas Constitution. The relevant provision is found in the schedule to the Constitution, 20, which provides:
 All officers elected under this Constitution, except the Governor, Secretary of State, Auditor of State, Treasurer, Attorney General and Commissioner of State Lands, shall enter upon the duties of their several offices when they shall have been declared duly elected by said State board of Supervisors and shall have duly qualified. ALL SUCH OFFICERS SHALL QUALIFY AND ENTER UPON THE DUTIES OF THEIR OFFICES WITHIN FIFTEEN DAYS AFTER THEY HAVE BEEN DULY NOTIFIED OF THEIR ELECTION. (Emphasis added.)
We know this provision to be applicable to constables because they are officers "elected under this Constitution." See Arkansas Constitution, Art. 7, 47. It must be noted, however, that presently, a constable begins his or her term of office on January 1 following the election, not fifteen days after being notified of his election. See A.C.A. 21-1-102. It is clear under this provision that a constable's term of office begins January 1 following his election. Hutcheson v. Pitts, 170 Ark. 248 (1926). A constable now enters his duties on January 1. There is thus a conflict between Arkansas Constitution Schedule 20, and A.C.A.21-1-102. The former requires a constable to qualify and enter his duties within fifteen days of receiving notice of his election. This presumably would be before January 1. Under Section 21-1-102, however, he cannot enter his duties until January 1. This conclusion does not obtain as regards other county officers, whose oath is governed by other statutory provisions. See A.C.A. 21-2-102.
Ordinarily, when there is a conflict between a constitutional provision and a statute, the statute must fall. Smith v. Faubus,230 Ark. 831, 327 S.W.2d 562 (1959). Here, however, a provision of the SCHEDULE to the constitution is involved. It was held in State v. Johnson, 26 Ark. 281 (1970), that 10 of the schedule of the Constitution of 1868, an identical provision, was mandatory, and for the purpose designed, had all the force and effect of a provision of the constitution. In subsequent cases, however, the Court refers to 20 of the schedule to the Constitution of 1874 as if it is no longer efficacious. In Hendrix v. Hodges, 127 Ark. 82
(1916), the court stated that the "schedule of the constitution (section 20) PROVIDED ______"; 122 Ark. at 88, (emphasis added) and in Jewett v. McConnel, 112 Ark. 291 (1914), the court, referring to section 20, said "it was also PROVIDED ______" 112 Ark. at 294
(emphasis added). Both of these references indicate that the schedule is no longer operative. If so, the court would have stated that the schedule "provides."
It is thus my conclusion that this provision of the schedule does not operate [as] a barrier to A.C.A. 21-1-102's requirement that a constable take office on January 1.
It is therefore my opinion, in response to your question that if the constable-elect was not sworn in before January 1, he is not eligible to hold the office, and the incumbent constable should remain in office until his successor is duly elected and qualified. Const. Ark. Art. 19, 5. The fact that the incumbent constable was also sworn in after January 1, does not make him ineligible to serve, as he continues to serve his former term until his successor is duly elected and qualified. As was concluded in Opinion No. 89-013, a copy of which is enclosed, the successor will be elected at the next general election.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.