The Honorable Steve Luelf 521 W. Wade P.O. Drawer 447 Mountain Home, AR 72653
Dear Senator Luelf:
This is in response to your request for an opinion regarding Act 949 of 1989, which created a number of new circuit-chancery judgeships. Your question, specifically, is whether Section 2 of Amendment 29 to the Arkansas Constitution applies to the judges appointed under Act 949.
As noted in your correspondence, Section 1 of Amendment 29 provides that "[v]acancies in . . . all elective state, district, circuit, county, and township offices . . . shall be filled by appointment by the Governor." Section 2 of Amendment 29 states in pertinent part that "[n]o person appointed under Section 1 shall be eligible for appointment or election to succeed himself." The question to be resolved, therefore, is whether Section 2 of Amendment 29 applies to render the appointees under Act 949 ineligible for appointment or election to succeed themselves.
In is my opinion that Amendment 29 does apply in this instance. This conclusion is compelled by judicial precedent in Arkansas on the issue of whether creation of a new office (judgeship) creates a "vacancy" for purposes of Amendment 29.
Please note that I have enclosed a copy of Attorney General Opinion Number 86-572, wherein this issue is fully explored. The question posed in that instance was whether Amendment 29 required an election in 1988 for a new circuit judgeship, created and effective in 1987, or whether the legislature could, when creating the new position, direct that an appointment to that position by the Governor be for a term of four years. It was concluded that creation of an office creates a vacancy, and that the new circuit judgeship position was therefore subject to Amendment 29; it thus followed that an election was required in 1988, pursuant to Section 4 of the Amendment.
Although the question at hand involves the applicability of Section 2 rather than Section 4 of Amendment 29, the principle cited in Opinion No. 86-572 is the deciding factor, i.e., that creation of an office creates a vacancy. See State ex rel. Wood v. Cotham, 116 Ark. 36, 172 S.W. 260 (1914); Smith v. Askew, 48 Ark. 82,2 S.W. 349 (1886); State v. Martin, 60 Ark. 343, 356 (1895); Howell v Howell, 213 Ark. 298, 208 S.W.2d 22 (1948).
In Howell v. Howell, supra, the act in question (Act 42 of 1947) created an additional Chancellor position for the "First Chancery Circuit" (the "Second Division of the First Chancery Circuit of Arkansas"). The current Master in Chancery was named as the Chancellor of the new Second Division position, to hold office until January 1, 1949, when the new Chancellor, to be elected in November of 1948, would take office. The court ruled unconstitutional that portion of the act naming the current Master in Chancery to the new position until the election. According to the Court, the General Assembly "exercised the inherent right to legislate, and then assumed the executive function of appointment — a power it did not possess." Howell, 213 Ark. at 304.
The Court in Howell rejected the contention that since the act creating the Chancery Division named an incumbent (the current Master), no vacancy existed and the Executive had not been deprived of any authority. Id., at 305. Particularly significant for our purposes is the Court's discussion of Amendment 29. Sections 1 and 2 of the Amendment were first cited, and the following discussion then ensued:
 Under this discriminating provision appointment to a vacancy in the circuit for the term running between creation of the Division and election would have rendered such appointee ineligible as a candidate in succession; hence we must conclude that with the Amendment as a guide, and with a desire to promote to the Chancellorship the officer then serving as Master in Chancery, it was felt that the technical distinction between appointment to an office not previously existing, and appointment to fill an admitted vacancy, was a tenable assuasive, hence no vacancy as contemplated by Amendment No. 29 had been filled. This line of argument might easily lead one into infinite fields of inductive reasoning, but it could hardly eliminate from the Constitution the expressed intent that one invested with an office in any of the "circuits" whose right rests upon any security less than an election must stand aside as an ineligible when an election is legally held. [Emphasis added.][1]
The weight of authority in Arkansas is in accord with the proposition that a newly created office becomes vacant upon its creation. See Smith v. Askew, 48 Ark. at 89; Howell v. Howell,213 Ark. at 308, citing State of Indiana ex rel. Hovey v. Noble,118 Ind. 350, 21 N.E. 244. The appointive power is placed with the Governor in that instance, as to the offices enumerated under Amendment 29, Section 1. Act 949 of 1989 may reasonably be construed as reflecting the General Assembly's recognition of this appointive power. The positions enumerated in Sections 1 and 4 of Act 949 came into existence upon the act's passage (March 27, 1989), although they become effective at a later date.[2] Case precedent indicates that "vacancies" arose upon creation of the offices. The Governor was, therefore, appropriately named as the appointive authority. Indeed, Howell v. Howell, which has been neither overruled nor modified, suggests the unconstitutionality of an attempt to confer the executive function of appointment upon anyone other than the Governor.[3]
It thus appears that the Governor' appointive power under Act 949 of 1989 emanates from Section 1 of Amendment 29 to the Arkansas Constitution. Section 2 of Amendment 29 will therefore apply to the judges appointed under Act 949. These persons will not, in my opinion, be eligible to succeed themselves.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
Steve Clark Attorney General
[1] The decision in Howell v. Howell was reversed in part in Pope v. Pope, 213 Ark. 321, 210 S.W.2d 319 (1948). That portion of the opinion concerning the unconstitutionality of the legislature's attempt to create a Chancellor position and then name a person to fill it was, however, left unchanged.
[2] August 1, 1989 in the case of the circuit-chancery judgeships created under Section 1 of Amendment 29; the Nineteenth District positions became effective July 1, 1989. See Section 4 of Act 949.
[3] Howell was cited with approval in McKenzie v. Burris, 255 Ark. 330,338, 500 S.W.2d 357 (1973) and in Smith, Adm'r v. Ridgeview Baptist Church, 257 Ark. 139, 142, 514 S.W.2d 717 (1974).